## SUPREME COURT.

THE PEOPLE *ex rel.* ELIZA A. G. WARD agt. SAMUEL WARD.

*Habeas corpus— where and to whom application for the writ, in behalf of wife living in a state of separation from her husband, respecting the custody of a minor child must be made.*

The supreme court at chambers or a county judge has not jurisdiction to grant a writ of *habeas copus* upon the application of a wife, living in a state of separation from her husband, respecting the custody of a minor child.

The writ is founded upon 3 Revised Statutes (*Banks' 6th ed., page* 163), and the application *must* be made to the *supreme court,* and it must be not only granted by, but returnable before the *supreme court.*

*Onondaga Special Term, January,* 1879.

MOTION for writ of *habeas corpus.*

The petition of Eliza A. G. Ward showed that she was the wife of Samuel Ward. She and her husband were living in a state of separation without being divorced; there was one minor child of such marriage aged about seven months; that her husband had treated her cruelly and ejected her from the house, refusing to allow her to return or to give her the custody of the child, &c., and, therefore, prayed that the writ might issue.

*Oswald Prentiss Backus,* for the motion, argued in reply to the objection of the court: That the writ was founded upon the provisions of 3 Revised Statutes (*Banks' 6th ed., page* 163); that the application must be made to the supreme court, and that a justice of the supreme court at chambers, or a county judge, had no jurisdiction to grant the writ, and that it must be not only granted by, but returnable before the supreme court (*People* agt. *Humphrey,* 24 *Barbour,* 521; 1 *Crary's Practice,* 390).

Noxon, *J.* — After considering the provisions of 3 Revised Statutes, 163, and *People* agt. *Humphrey* (24 *Barbour*, 521), I am now of the opinion that the writ can be granted only by the court.

Motion granted.