THE PEOPLE OF THE STATE OF NEW YORK ex rel. CAROLINE WILLIAMS, Respondent, *v.* ANTHONY COREY, Appellant.

*A county judge has no jurisdiction to make orders relating to the care, custody and control of infants — Code of Civil Procedure, sec. 241.*

Section 241 of the Code of Civil Procedure, conferring upon a county judge within his county the power conferred by law, in general language, upon an officer authorized to perform the duties of a justice of the Supreme Court at chambers, or out of court, does not include jurisdiction of the care, custody and control of infants.

An order made by county judge of Hamilton county, in this proceeding, discharging from the custody of the defendant his infant child, Annice R. Corey, and awarding the custody of said child to the relator, reversed, and the proceedings dismisseded upon the ground that the order, was in excess of his jurisdiction and void.

APPEAL from a final order made on the 23d day of July, 1886, by the county judge of Hamilton county, in proceedings commenced by writ of *habeas corpus*, discharging from the custody of

the appellant his infant child, Annice R. Corey, and awarding the custody of said infant child to the relator.

The proceeding in which the order appealed from was made, was commenced by writ of *habeas corpus*, issued by Hon. Clarence W. Smith, county judge of Hamilton county, on the 21st day of June, 1886, directed to the defendant, Anthony Corey. The writ was issued on the relation of Caroline Williams, the relator named above, to inquire into the cause of the detention by defendant of his daughter, Annice R. Corey, an infant aged eleven years. Said writ was made returnable at Wells, in the county of Hamilton, on the 23d day of June, 1886.

The defendant appeared on the return day in person and by counsel, and produced the body of said infant, as required by said writ, and filed a return to the said writ in writing.

The relator also appeared in person and by counsel on the return of said writ and denied orally the allegations of said return. Afterward, and on the final hearing, the relator filed a reply to said return in writing.

On said final hearing, after hearing testimony, said county judge made the final order above mentioned, from which this appeal is taken.

*Lee S. Anibal*, for the appellant.

*McKnight & Boyce*, for the respondent

LANDON, J.:

A county judge possesses " the power conferred by law, in general language, upon an officer authorized to perform the duties of a justice of the Supreme Court at chambers, or out of court." (Code Civil Pro., § 241.) Application for the writ of *habeas corpus* may, therefore, be made to him. (Id., § 2017, subdv. 3.) But the writ thus authorized is for the purpose of inquiring into the cause of the imprisonment or restraint, and, in a case prescribed by law, of delivering therefrom. (Id., § 2015.) The power thus conferred does not, however, include jurisdiction of the care, custody and control of infants. This is an equity power. It was formerly exercised by the Chancellor in his capacity of guardian of infants. (*Wilcox* v. *Wilcox*, 14 N. Y., 575.) It was transferred to the

Supreme Court. (Const., art. 6, § 6; Code Civil Pro., § 217.) The Chancellor exercised this power at chambers. (*Wilcox* v. *Wilcox, supra.*) The judiciary act of 1847 (chap. 280, § 16; 4 Edm., 560) conferred the like power upon the justices of the Supreme Court. This section of the judiciary act was repealed. (Laws 1877, chap. 417, subd. 21.) Justices of the Supreme Court at chambers, out of court, cannot now exercise the jurisdiction; therefore, county judges cannot. The order of the county judge, taking this infant from the father and awarding its custody to the relator, was in excess of his jurisdiction and void. (See *People ex rel. Hoyle* v. *Osborne,* 6 Civil Pro. Rep., 299; *People ex rel. Ward* v. *Ward,* 59 How. 174; *People ex rel. Tappan* v. *Porter,* 1 Duer, 709; *People ex rel. Rhoades* v. *Humphries,* 24 Barb., 521.)

That there is a *Supreme Court in chambers,* with the same equity powers as were possessed by the Chancellor in cases like this, we do not deny. The Supreme Court is "composed of the justices now in office * * * and of their successors." (Const., art, 6, § 6.) The court thus composed holds various terms of court, and also holds chambers. The legislature may alter and regulate the jurisdiction and proceedings in law and equity (Const. art. 6, § 8), but the power to alter and regulate does not embrace the power to take away. The justices sit in chambers, out of court, and in that capacity perform many duties, because the statutes so provide. What a justice may do out of court depends upon the statute. No statute, however, is necessary to authorize *the court* to exercise its equity jurisdiction, conferred by the Constitution, over the custody of infants in the same way that the Chancellor did, namely in court at chambers. We know of no statute which so alters or regulates this jurisdiction, or proceedings under it, as to forbid their exercise, in court, at chambers. But the county judge can only exercise the statutory power of an officer authorized to perform the duties of a justice of the Supreme Court at chambers or out of court. He cannot hold Supreme Court in chambers, and hence cannot dispose of the custody of infants.

The order should be reversed and proceeding dismissed, with costs.

FISH and PARKER, JJ., concurred.

Order reversed, with costs, and proceedings dismissed, with costs.