THE PEOPLE ex rel. JOHN PARR, Appellant, *v.* MARGARET S. PARR, Respondent.

Under the provision of the Code of Civil Procedure (§ 241), which confers upon a county judge within his county " the power conferred by law in general language upon an officer, authority to perform the duties of a justice of the Supreme Court at chambers, or out of court," the power is not limited to that possessed by such an officer at the time the Code was adopted, but changes with the alteration of the power, *i. e.,* the power of that officer existing at any time furnishes the standard by which to measure that of the county judge.
*Mem.* of decision below, 49 Hun 473.

(Argued May 1, 1890; decided May 9, 1890.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made September 24, 1888, which reversed an order of the county judge of Albany county, awarding to the relator the custody of his minor child upon a writ of habeas corpus.

The following is the opinion in full :

" We think the Supreme Court made the proper disposition of this case, and its order should be affirmed with costs. The adjudication was based by the Supreme Court upon the authority of the case of *People ex rel.* v. *Corey* (46 Hun, 408). We

have no doubt that the case was correctly decided and for the reasons stated by the learned judge in his opinion therein.

" The counsel for the relator in the case at bar, however, says that one point in the argument he makes before us was not made in the above cited case, and he urges that it is sufficient to call for a reversal of this order. It is said that section 241 of the Code of Civil Procedure confers all the power upon county judges which was then exercised by a justice of the Supreme Court at chambers, and as such justice at that time could exercise the power to determine as to the custody of infants at chambers, the same power was by the above section conferred upon county judges.

" We assume that to be so. But counsel further says that when such power was subsequently taken away from a justice of the Supreme Court at chambers, and was confined to the court itself, nevertheless the power still remained with the county judge, because it existed in the justice of the Supreme Court at chambers when the powers of that officer at chambers were conferred upon county judges.

" We are not of that opinion. The powers of the county judge alter with the alteration of the powers of the justice of the Supreme Court at chambers, for the powers of that officer at chambers form the standard by which to measure those of the county judge in that respect.

" The counsel cites many cases, but none of them, as we think, is in point. The portion of the order which assumed to withdraw the alleged illegal restraint of the mother over the child, cannot be separated from the portion granting the custody to the father, and in this regard we agree also with the opinion of the learned judge who wrote at the General Term herein.

" The order of the General Term should, therefore, be affirmed with costs."

*Edward J. Meegan* for appellant.

*George H. Stevens* for respondent.

PECKHAM, J., reads for affirmance.
All concur.
Order affirmed.