William W. Serra, J.
Application is made by the petitioner herein for a writ of habeas corpus, returnable in the County Court, County of Allegany. The application is for a determination of visitation rights for the petitioner to visit his two infant children John and James Burke. The petition alleges that the children are presently in the custody of the respondent pursuant to the terms of a separation agreement under which custody is placed with the respondent and visitation rights granted to the petitioner. Said visitation rights in the petition are defined as “ liberal visitation rights.” This is, therefore, a petition concerning custody of the children as to which jurisdiction rests at common law in the Supreme Court of the State of New York, as per parens patries. (Matter of Chapin [Gilmore], 264 App. Div. 172 [1942]; Matter of Rich [Kaminsky], 254 App. Div. 6 [1938].) Jurisdiction in this court for the petition of writ of habeas corpus must, therefore, be found specifically in statute to entitle petitioner to the issuance of the writ.
It is contended by the petitioner that the provision of article 70 of the CPLR provides such jurisdiction. This court finds otherwise. The substantive jurisdiction provided in article 70 is defined in CPLR 7002, subd. (a) and is in respect to the unlawful imprisonment or restraint of persons found in the State of New York. The question of jurisdiction of the issue of custody of children, including the division of custody, “under such regulations and restrictions, and with such provisions and directions, as the case may require ” as provided in section 70 of the Domestic Relations Law is particularly therein specified to be within the exclusive jurisdiction of the Supreme *278 Court of the State of New York. The law is well settled that this jurisdiction is exclusive and does not vest in the County Court. (People v. Humphreys, 24 Barb. 521, 1857. See, also, People v. Parr, 49 Hun 473, 1888, affd. 121 N. Y. 679; People v. Corey, 46 Hun 408, 1887; People v. Osborne, 6 N. Y. Civ. Pro. Rep. 299, 1884; People v. Ward, 59 How. Prac. 174, 1879.) As stated by Timone, J., in Matter of Raffone (20 Misc 2d 733, 735, 1959): “ The general jurisdiction to determine which parent shall have custody of a child, either as an incident to a matrimonial action (Civ. Prac. Act, §§ 1170, 1170-a), or in a habeas corpus proceeding (Domestic Relations Law, § 70; Civ. Prac. Act, art. 77), is vested exclusively in the Supreme Court.”
It is further contended by the petitioner that the County Judge has authority to act in Supreme Court matters under CPLR 2212, subd. (e). This section, however, does not apply in this case, since the Appellate Division of the Fourth Judicial Department of the State of New York has not authorized the County Judge to assume jurisdiction in Supreme Court matters which are contested or on notice, but only in ex parte matters. Moreover, authority of the County Judge under this section, as augmented by the Rule of the Appellate Division of the Fourth Judicial Department, dated November 1, 1963, applies to actions or proceedings in the Supreme Court when the County Judge acts in Supreme Court actions and proceedings and not in actions and proceedings in the County Court. The venue of the instant petition is laid in the County Court.
It is therefore the finding of this court that jurisdiction for the custody of the children, except where transferred to the Family Court by the Supreme Court pursuant to section 651 of the Family Court Act of the State of New York, and except as incidental to other proceedings instituted in the Family Court, is vested exclusively in the Supreme Court under a writ of habeas corpus. Article 70 of the CPLR insofar as it applies to proceedings in which the Supreme Court has exclusive jurisdiction, under section 70 of the Domestic Relations Law, is procedural only, and does not give substantive jurisdiction to the County Court. It is therefore the finding of this court that it is without jurisdiction to issue a writ in the County Court for the custody of the children returnable in County Court in an action in which venue is laid in the County Court, and the application is denied without prejudice to the institution of a further application to the Supreme Court of the State of New York or to any other proceeding in any court having jurisdiction to entertain an application concerning the custody of the said minor children.