In the Matter of CLAUDE A. LINDQUIST, Petitioner, against CITY OF JAMESTOWN et al., Respondents.

Supreme Court, Special Term, Chautauqua County, July 15, 1948.

*Ernest D. Leet* for petitioner.

*Samuel C. Alessi, Corporation Counsel* (Lester W. Berglund of counsel), for respondents.

HALPERN, J.   This is a proceeding in the nature of mandamus under article 78 of the Civil Practice Act for an order directing the officers of the city of Jamestown, to pay the petitioner back salary alleged to be owing to him as a captain of the fire department of the city of Jamestown.

The petitioner had been duly appointed a captain of the fire department of the city of Jamestown and was serving as such on April 18, 1947, when he was suspended by the chief of the fire department pending a hearing upon charges made against him. In brief, he was charged with being intoxicated on duty and with refusing to obey the order of his superior to go home.   The petitioner is a veteran of both World Wars.   A hearing was duly held in accordance with section 22 of the Civil Service Law and a decision was made by the fire chief on May 5, 1947, finding the petitioner guilty of both charges and dismissing him as a member of the fire department.   Thereafter in a proceeding instituted by the petitioner to review the determination, the Appellate Division of the Fourth Department annulled the determination by order entered on December 31, 1947 (273 App. Div. 802). The memorandum handed down by the Appellate Division pointed out that no evidence was offered at the hearing to sustain the charge of intoxication, although it appears from the answer interposed in the court proceeding that such evidence was available.   The Appellate Division found that the evidence introduced at the hearing sustained the charge of insubordination and, while this charge of itself might have supported the order of dismissal, the Appellate Division decided to annul the determination and to send the case back for rehearing.   This disposition of the case followed the procedure approved in two cases cited by the Appellate Division, *People ex rel. Long* v. *Whitney* (143 App. Div. 17) and *People ex rel. Gilson* v. *Gibbons* (231 N. Y. 171, 174) holding that where there are several charges and one or more of them is not satisfactorily sustained, the whole matter should be remitted to the hearing officer so that he may reconsider his determination and decide whether he wishes to remove the employee upon the basis of the charges which were sustained or to make some other disposition of the case.

The order of the Appellate Division did not direct the reinstatement of the petitioner pending the rehearing but the petitioner contended that the annulment of the order of dismissal had the effect of requiring an immediate reinstatement and the petitioner accordingly brought the present proceeding to compel the payment of his back salary.

While this proceeding was pending, the fire chief served a notice of rehearing and a rehearing was held on January 20, 1948. On that day, the petitioner submitted his resignation "without prejudice" to his claim for back salary. The fire chief apparently disregarded this resignation and proceeded with the hearing and, upon the evidence received, found the petitioner guilty of both charges and dismissed the petitioner as of April 18, 1947. No proceeding has been brought to review this determination.

Subsequently, the petitioner applied to the Appellate Division for a resettlement of its order or in the alternative for reargument of the proceeding or for leave to appeal to the Court of Appeals. On March 17, 1948 (273 App. Div. 941), the Appellate Division denied the petitioner's motion.

As has been indicated above, it is the petitioner's contention that, upon the annulment of the determination removing him, he was entitled forthwith to restoration to his position together with pay from the time of his original suspension, without regard to the outcome of the rehearing. The core of the petitioner's argument is that there is no right to suspend a veteran, pending the hearing and determination of charges against him, or pending the rehearing of the charges, in the event of the annulment of an order of removal upon review.

First of all, it may be observed that substantially the same argument was presented to the Appellate Division upon the motion to resettle the order of the Appellate Division. The Appellate Division's denial of the motion may be regarded as a rejection of the petitioner's contention and, of course, if this interpretation of the Appellate Division's action is accepted, it controls the disposition of the case by this court.

Moreover, if it is assumed that the Appellate Division did not decide the point here raised and the point is open for decision by this court, I hold the point to be without merit.

Section 22 of the Civil Service Law as amended by chapter 853 of the Laws of 1941 provides in part: " Pending the determination of such charges, such officer or employee may be suspended without pay for a period not exceeding thirty days." This provision is found in subdivision 2 of section 22 dealing with " Removals generally." Subdivision 1 of section 22 deals with " Removal of veterans and volunteer firemen." The petitioner argues from this that the quoted sentence does not apply to veterans and that there is no power to suspend a veteran pending a determination of charges. This reading of the statute

produces an unreasonable result and such a construction ought not to be adopted unless it is an inescapable one. (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 143.) It is obviously desirable that the removing authority should be vested with the power to suspend any employee against whom charges are made pending the determination of the charges. In many instances, the public interest would be seriously jeopardized if a person alleged to be incompetent or charged with misconduct were required to be retained in office pending the hearing of the charges.

Prior to the amendment of section 22 there seems to have been no express statutory authority in New York State for the suspension of a civil service employee pending the hearing of charges against him and there seems to have been no decision of the courts of this State directly in point, but it was uniformly held in other jurisdictions where the point had arisen that the power to remove an officer for cause included the power to suspend him until the charges against him could be heard and adjudicated (*State ex rel. Douglas* v. *Megaarden,* 85 Minn. 41; *Chace* v. *City Council of Providence,* 36 R. I. 331; see 43 Am. Jur., Public Officers, § 242; 46 C. J., Officers, § 142, and cases there cited.) The case of *Gregory* v. *Mayor of City of N. Y.* (113 N. Y. 416) is not in conflict with this rule. That case held that, where an officer was vested with the arbitrary power to remove an employee at his pleasure, it was not a proper exercise of the power for the officer to suspend the employee and to fill the position temporarily, instead of removing the employee and creating a vacancy to be filled in the regular way. The decision did not touch the question of whether an officer who is authorized to remove for cause only, has the right, as a necessary incident of the power of removal, to suspend the employee pending the determination of the existence of cause for his removal.

The Legislature clarified the law of New York State in this respect in 1941 by adopting the amendment to section 22 of the Civil Service Law which is quoted above. On the one hand, the Legislature expressly recognized the existence of the power of suspension as an incident of removal proceedings, and on the other hand, the Legislature limited the exercise of the power so as to prevent its abuse. While the suspension provision was placed in subdivision 2 of section 22, dealing with competitive civil service employees generally, and was not repeated in subdivision 1 dealing especially with veterans, there is no reason to suppose that the Legislature intended to exclude veterans from

the operation of the amendment. Subdivision 1 of section 22 of the Civil Service Law does not purport to be a complete and self-contained statement of the procedure applicable to veterans. Other portions of section 22 apply to veterans as well as to other employees. For example, subdivision 2 in which the suspension provision is found also contains a provision (adopted at the same time) with respect to the nature of the penalty or punishment which may be imposed upon employees found guilty of charges. This provision obviously applies to all employees in the competitive civil service, veterans and nonveterans alike. The provision with respect to suspension seems to me also to be applicable to all competitive civil service employees.

The provision of the 1941 amendment limiting the period of suspension to thirty days was designed to assure promptness of action by the authorities vested with the power of removal. In this case there has been no unreasonable delay or prejudicial action on the part of the petitioner's superiors. The original hearing was held within thirty days after the commencement of the suspension and the rehearing was held within thirty days after the annulment of the determination by the Appellate Division. During the intervening period of several months, the petitioner was not under suspension but was out of office by virtue of an order dismissing him after hearing. It is true that the Appellate Division annulled that order but the Appellate Division remitted the matter for rehearing without directing the reinstatement of the petitioner in the meantime. Under this order, the petitioner was not entitled to any back salary unless the charges were dismissed upon the rehearing. There is no right to back pay in the absence of an order of reinstatement (*Van Valkenburgh* v. *Mayor of City of N. Y.*, 49 App. Div. 208; Civil Service Law, § 23). The right to back pay was dependent upon the outcome of the rehearing (see subdivision 2 of section 22: " If he is *acquitted,* he shall be restored to his position with full pay "). I do not believe that the thirty-day limitation was meant to prevent the reviewing court from annulling a determination and remanding the case for rehearing without reinstatement, even though more than thirty days had elapsed since the original suspension. So long as the rehearing is held within a reasonable time after the annulment of the determination, the employee has no cause for complaint. The purpose of the statute is carried out if each step in the proceeding is taken with reasonable dispatch. Any other construction would award to the dismissed employee, a substantial prize, consisting of his back pay in full, upon his

succeeding in obtaining an order for a rehearing of the charges, because of technical error or deficiency, even though the charges might ultimately be sustained.

Reading all the provisions of section 22 together and giving the section a reasonable construction, it is my conclusion that the petitioner is not entitled to any back pay and that this proceeding should be dismissed.