■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM CALLAHAN, Appellant, v. WALTER B. MARTIN, as Warden of Attica Prison, Respondent.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Wyoming County Court dismissing the writ of habeas corpus and remanding relator to the custody of the Warden of Attica Prison.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ WILLIAM F. REIBER, Appellant, v. WALTER F. ROBERTS, Respondent. — Upon the oral stipulation of respective counsel made in open court, action remitted to Special Term for the purpose of making a decision in conformity with section 440 of the Civil Practice Act; and the parties are then to make and file with this court a supplemental record containing such decision which shall be incorporated as a part of the original record. (Appeal from judgment of Monroe Equity Term dismissing plaintiff's complaint in an action to reform a deed.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ In the Matter of WILLARD WILCOX.— Orders unanimously affirmed, without costs of this appeal to either party. (Appeal from two orders of Cayuga Special Term (1) granting the petition of Gordon S. Fritts and declaring the nominating petition filed by Willard Wilcox as independent candidate for the office of Sheriff of Cayuga County to be void as not complying with provisions of the Election Law, and (2) denying the application of Willard Wilcox to reopen and reconsider the previous order.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ In the Matter of THOMAS J. CARVILLE, Petitioner, v. BOARD OF EDUCATION OF UTICA CITY SCHOOL DISTRICT et al., Respondents.— Motion to amend the order entered July 1, 1960 (*ante,* p. 903), granted and order modified by adding thereto the following: We find that the loss of salary resulting from the petitioner's demotion, i.e., the difference between the salary of the original position held by him and the salary of the position to which he was demoted, from the date on which the petitioner was employed in that position, August 20, 1959, to the date of the petitioner's reinstatement to his original position pursuant to the order of this court, was an adequate measure of discipline and, therefore, we modify the determination of the board by imposing the amount of that loss as the measure of discipline. With respect to the loss of salary from the time of the original suspension to August 20, 1959, the right of the petitioner to recover that loss for any period in excess of the 30-day suspension provided by section 22 (now § 75) of the Civil Service Law depends upon a determination as to whether the delay in reaching a decision and the delay in re-employing the petitioner in a reduced capacity were attributable to any extent to the petitioner's fault. That question should be tried out in an independent action or proceeding. (*Matter of Bentley* v. *Henninger,* 10 A D 2d 900.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.