■ LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v. ANGELA WOLFE et al., Defendants, and ROSEMARY J. BELL, an Infant, by Her Guardian ad Litem, FLORENCE BELL et al., Appellants.— Order granting plaintiff's motion for summary judgment, and the judgment entered thereon, unanimously reversed, on the law, with costs to appellants, and the motion for summary judgment denied. Plaintiff is an insurance company which had issued a policy of automobile insurance to Angela Wolfe effective January 27, 1961. On April 28, 1961 Rosemary Jane Bell, infant daughter of Florence Bell, was injured while a passenger in Wolfe's automobile, which was being operated by John Jones. The Bells having sued Wolfe and Jones for damages, plaintiff brought this action against the four, and against two others who had been passengers in the car, for a judgment declaring that Wolfe's policy had been cancelled before April 28, 1961 and that plaintiff owed no duty to defend or indemnify Wolfe or Jones or to pay any judgment recovered by the Bells or such other passengers. All of the defendants except the Bells have defaulted in pleading, and the plaintiff moved for summary judgment against the Bells on the basis of an affidavit purporting to show that plaintiff had cancelled the policy as of April 11, 1961 for Wolfe's failure to pay premiums. The Bells argue that summary judgment must be denied since, as strangers to the insurance policy, they do not know and reasonably cannot ascertain whether it was effectively cancelled (see *Overseas Reliance Tours & Travel Serv.* v. *Sarne Co.*, 17 A D 2d 578). They submit no affidavit to that effect and, since the infant Bell was a passenger in Wolfe's car, the possibility exists of a relationship between Wolfe and the Bells conceivably productive of information regarding Wolfe's insurance. On the other hand, the affidavit on behalf of plaintiff leaves one in doubt that the policy was not in force when the accident occurred. Thus it recites that after April 11, 1961 — how long after is a fact noticeably omitted — Wolfe forwarded the amount of the premium to plaintiff, and that on May 2, 1961 — four days after the accident — plaintiff returned the amount of the unearned premium to Wolfe. Apparent from the recital is the possibility that the premium default was waived and the policy reinstated. Noting also that plaintiff has not yet submitted to pretrial examination, we believe the motion for summary judgment should not have been granted. Concur — Botein, P. J., Breitel, Valente, Eager and Witmer, JJ.

■ In the Matter of ROSALINE WINN, Petitioner, v. DEPARTMENT OF HOSPITALS OF THE CITY OF NEW YORK et al., Respondents.— Article 78 proceeding, transferred to this court, seeking a review and an annulment of the determination of the Commissioner of Hospitals, dated July 17, 1963, suspending petitioner from duty for a period of five days without pay, unanimously dismissed, without costs. The determination was rendered upon a finding, following a hearing, that petitioner, an employee in the Department of Hospitals, was guilty of misconduct in lateness in reporting for duty on 10 occasions in December, 1962. The Commissioner had jurisdiction to hear and determine the charges and, inasmuch as the punishment imposed was for a period not exceeding 10 days, there is no authority for the maintenance of an article 78 proceeding to review his determination. (See Civil Service Law, § 76, subd. 1; cf. *Matter of Guardian Life Ins. Co.* v. *Bohlinger*, 284 App. Div. 110, affd. 308 N. Y. 174.) Furthermore, considered on the merits, the Commissioner's determination is supported by substantial evidence. Concur — McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ.