In the Matter of SIDNEY AMKRAUT, Respondent, *v.* WILLIAM S. HULTS, as Commissioner of the Department of Motor Vehicles of the State of New York, Appellant.

First Department, June 2, 1964.

*Philip Weinberg* of counsel (*Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for appellant.

*Morris Weissberg* for respondent.

STEVENS, J. Judgment appealed from affirmed, without costs to either party. Subdivision 3 of section 75 of the Civil Service Law, insofar as pertinent, provides " [p]ending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding thirty days." The statute thereafter provides for possible penalties.

Respondent Amkraut was suspended from his position March 2, 1961, at which time charges were filed against him. Hearings on the charges were held from time to time, the final hearing occurring May 2, 1961, with an order of dismissal dated May 31, 1961, in which appellant declared "I hereby remove him [respondent] from office." The determination was confirmed in this court (16 A D 2d 756, mot. for lv. to app. den. 11 N Y 2d 647, mot. for rearg. den. 12 N Y 2d 715).

Amkraut sued to recover payment of wages for the period of suspension in excess of 30 days prior to his dismissal. He claimed to be without fault in respect to the various adjournments and extensive delay in reaching a determination, and there was no evidence to the contrary. This appeal is taken from a judgment rendered in favor of Amkraut.

The single question is—May an employee suspended for a period in excess of 30 days, who is eventually discharged, recover wages for the excess period, when the delay in disposition was not occasioned by his fault?

The precise question has not been previously determined.

In *Matter of Bentley* v. *Henninger* (10 A D 2d 900 [4th Dept.])
the single question before the court was whether there was sub-
stantial evidence to support a determination finding appellant
guilty of insubordination and imposing suspension as a measure
of discipline. The court found there was such evidence. How-
ever, in reference to a question by appellant as to the length of
time which elapsed between the suspension and eventual deter-
mination the court observed " appellant may be entitled to back
pay for the period of suspension in excess of the statutory limit,
to the extent to which the delay in reaching a determination
was not attributable to his own conduct ". The court pointed
out that appellant's remedy would be to bring an independent
action. (*Matter of Carville* v. *Board of Educ. of Utica City
School Dist.,* 11 A D 2d 1092.)

In *Matter of Perry* v. *Mauhs* (14 A D 2d 624 [3d Dept.]) where
appellant's conduct or misconduct caused the delay in proceed-
ing with the hearings and eventual determination, the court
affirmed the Commissioner's denial of a motion to reopen the
case.

In *Paris* v. *City of New York* (189 Misc. 445) the employee
was suspended September 1, 1945, and the determination made
September 29, 1945, finding the employee guilty and suspending
her, as the statute permitted (then Civil Service Law, § 22,
subd. 2), for an additional period of two months. The suspen-
sion prior to determination did not exceed 30 days. And in
*Hagan* v. *City of Brooklyn* (126 N. Y. 643) the court pointed out
that a public officer, unlawfully removed from office to which
another is appointed, who acquiesced in the removal and had
not obtained an order of reinstatement, could not recover the
salary therefor. That, however, is not the present case. More-
over, while there was no formal application for reinstatement
in the case before us, the record does indicate that at the hearing
on April 19, 1961, Amkraut, by counsel, demanded of the hearing
officer that he be restored with pay, effective as of April 1, 1961.
The hearing Referee stated he would refer the matter to his
superior and suggested also that counsel take up the demand
elsewhere because the Referee doubted his authority as to that
question. In *Matter of Phinn* v. *Kross* (26 Misc 2d 889, affd.
15 A D 2d 641) the court upheld as proper a dismissal *nunc pro
tunc* upon a " Redetermination of Punishment " by the Commis-
sioner of Correction, upon a remand by the Appellate Division.
The court specifically held " the redetermination may lawfully
be made effective as of the date of the original determination "
(p. 895). In this case the dismissal was effective as of May 31,
1961.

The language of the statute indicates an intention that hearings on charges should not be unreasonably protracted, but should be disposed of expeditiously. Presumably when charges are filed the accuser is then prepared to present evidence in support of such charges. If a delay in proceeding is occasioned by the conduct of the accused he cannot justly be heard to complain nor be allowed a recompense for the period involved. As a practical matter one accused frequently has all income cut off during a period of suspension — not merely the income from the job vacated. He is reluctant to seek other employment especially if he has acquired some form of tenure or substantial pension rights in the job from which he is suspended. In all fairness then a prompt disposition is desirable from the standpoint of all parties. Where that does not occur, he who is responsible should assume the risk of liability for some compensation. The judgment should be affirmed.

McNALLY, J. (dissenting). Petitioner on July 5, 1955 was appointed a motor vehicle license examiner. He was suspended March 2, 1961 pending disciplinary charges. On May 31, 1961 petitioner was found guilty of soliciting and accepting gratuities from applicants and dismissed. The determination was confirmed (16 A D 2d 756, mot. for lv. to app. den. 11 N Y 2d 647, mot. for rearg. den. 12 N Y 2d 715). Nevertheless, petitioner has recovered a judgment for salary during the period of suspension in excess of 30 days. There is no legal basis therefor.

Salary is an incident of employment. (*Van Valkenburgh* v. *Mayor of City of New York*, 49 App. Div. 208; *Matter of Bush* v. *Beckmann*, 283 App. Div. 1070.) One who is dismissed or acquiesces in his removal therefrom may not recover the compensation of his position. (*Hagan* v. *City of Brooklyn*, 126 N. Y. 643; *Matter of Whalen* v. *Corsi*, 201 Misc. 39, 43; *Paris* v. *City of New York*, 189 Misc. 445, 446.)

Petitioner's claim is grounded on subdivision 3 of section 75 of the Civil Service Law. Thereby an officer or employee pending the hearing and determination of the charges preferred may be suspended without pay for a period not exceeding 30 days. The power to suspend pending charges is clear. The suspension subsists although it exceeds the 30-day limitation. (*Matter of Wilson* v. *D'Angelo*, 10 A D 2d 706; *Matter of Phinn* v. *Kross*, 26 Misc 2d 889, 894–895, affd. 15 A D 2d 641; *Matter of Lindquist* v. *City of Jamestown*, 192 Misc. 906, 911.) If the disciplinary proceeding is delayed unreasonably, the appropriate remedy is a proceeding for restoration. (*Matter of Kelly* v. *Board of Educ.*, 234 App. Div. 239, affd. 259 N. Y. 518.) Upon restoration

to his position, the employee is then entitled to rely on subdivision 3. It is only when an employee is acquitted that he is entitled to full pay for the period of suspension, if found guilty and not dismissed, the permissible suspension is 30 days pending determination of the charges and an additional two months by way of penalty. Subdivision 3 does not enable an employee found guilty and dismissed to recover salary for any part of the period of suspension pending the determination.

Petitioner's reliance on *Matter of Bentley* v. *Henninger* (10 A D 2d 900) and *Matter of Carville* v. *Board of Educ. of Utica City School Dist.* (11 A D 2d 1092) is misplaced. The cited cases, unlike the instant proceeding, did not involve employees dismissed for cause. They suggest that an employee not dismissed and otherwise disciplined may be entitled to relief by reason of suspension beyond 30 days pending determination of the disciplinary proceeding. In such case, however, whether or not the employee expressly or impliedly waived the excess period of suspension would be relevant. (*Wardlaw* v. *Mayor of City of New York,* 137 N. Y. 194, 200; *Matter of Fay* v. *Lyons,* 202 Misc. 789, 791.)

Accordingly, I dissent and vote to reverse and dismiss the petition.

BREITEL, J. P., EAGER and STEUER, JJ., concur with STEVENS, J.; McNALLY, J., dissents in opinion.

Judgment affirmed, without costs.