Charles J. Beckinella, J.
The petitioner in this article 78 proceeding is a bus driver who was given a reprimand, after a departmental hearing, for driving his bus ahead of schedule. The consequence of the reprimand is that the petitioner was given a performance rating penalty of %%.
The authority for giving petitioner a reprimand after a hearing is contained in subdivision 3 of section 75 of the Civil Service Law. Section 76 of the same law specifies those employees who may appeal from penalties or punishments meted out after hearings held pursuant to section 75. Such employees are those believing themselves “ aggrieved by a penalty or punishment of demotion in or dismissal from the service, or suspension without pay, or a fine imposed”. Those aggrieved employees may appeal to the State or municipal commission having jurisdiction, or by application to the court in accordance with the provisions of article 78 of the CPLR.
It is evident that an employee who has been given the penalty of a reprimand after a hearing held pursuant to section 75 of the Civil Service Law has no right to an appeal. (See Matter of Winn v. Department of Hosps. of City of N. Y., 20 A D 2d 856.)
The petition in the instant proceeding seeks to avoid the bar against an appeal from a reprimand implicit in subdivision 1 of section 76 of the Civil Service Law by challenging the *975 constitutionality of the Civil Service Law and the rules and regulations of the New York City Civil Service Commission. The petition also alleges that refusal to entertain an appeal from the determination giving petitioner a reprimand was “ arbitrary, capricious and an abuse of discretion ’ ’ and an act in excess of respondents’ authority.
In substance, the petitioner in this proceeding would have this court rewrite subdivision 1 of section 76 of the Civil Service Law so as to include, within the class of aggrieved employees who may appeal, those employees who have received the penalty or punishment of a reprimand. This court has no authority to accord petitioner such relief.
There is nothing unconstitutional in the Legislature excluding from review the punishment of a reprimand. (See Matter of Millman v. O’Connell, 300 N Y. 539, 540; Matter of Guardian Life Ins. Co. v. Bohlinger, 284 App. Div. 110, 113, affd. 308 N. Y. 174.) In Bohlinger (284 App. Div. 110, 113) it is stated: “ The right of the Legislature to proscribe judicial review of certain actions of administrative officers and boards is now well established (Switchmen’s Union v. Board, 320 U. S. 297; Labor Board v. Cheney Lumber Co., 327 U. S. 385; Federal C. C. v. RCA Communications, 346 U. S. 86, 90; Matter of Schwab v. McElligott, 282 N. Y. 182).” The motions to dismiss the petition are granted.