■ In the Matter of BARRY D. STEIN, Respondent, v. PATRICK V. MURPHY, as Commissioner of the Police Department of the City of New York, et al., Appellants.— Order, Supreme Court, New York County, entered on June 22, 1973, affirmed for the reasons expressed by the court at Special Term, without costs and without disbursements. Concur — Nunez, J. P., Capozzoli and Lane, JJ.; Kupferman and Steuer, JJ., dissent in separate memoranda, as follows: Kupferman, J. (dissenting) : While I am in general accord with the dissent filed by Mr. Justice Steuer, I approach the matter differently. The petitioner was indicted on February 25, 1970 and on the same day suspended without pay. On January 28, 1971, he was acquitted of all counts contained in the indictment. Obviously, he would not have wanted a hearing on the pending Police Department charges until after the conclusion of the criminal proceedings. A hearing on the Police Department specifications was held on June 18, 1971, some 4½ months after the conclusion of the criminal proceedings, certainly within a reasonable time. Four of the seven Police Department specifications having been sustained, under the provision of section 434a–20.0 of the Administrative Code there is no basis for payment during the period of suspension. This whole area of payment during suspension or removal needs further consideration by the Legislature. (See dissent in *Picconi* v. *Lowery,* 43 A D 2d 928.) Steuer, J. (dissenting) : I would reverse and dismiss the petition. Petitioner is a member of the New York City Police Department. On February 25, 1970, he was suspended without pay. On March 19 he was served with charges. After a hearing on June 18, 1971, petitioner was found guilty of four of the seven charges and was fined and lost 30 days vacation. He was reinstated on August 19, 1971. He did not appeal from this disposition. The petition seeks payment of petitioner's salary during the period of his suspension. Special Term ordered a trial of the issue as to what extent respondent may have been responsible for the delay beyond 30 days in reaching a determination of the charges. I believe this is immaterial. There can be little doubt that petitioner's rights are governed by section 434a–20.0 of the Administrative Code. That section provides for full pay during the period of suspension but only if the suspended officer is not found guilty of the charges. The Court of Appeals found the language of the section to be clear and unequivocal (*Brenner* v. *City of New York,* 9 N Y 2d 447, 450). The court did state (p. 452) that the mandate of the statute was satisfied if the charges were filed within a reasonable time after suspension and trial is thereafter held. The majority extends that to mean that the trial must be held within a reasonable time. There is a marked distinction. If the trial is unreasonably delayed that fact becomes a matter of defense to the charges and, if established, should result in dismissal of the charges with the consequent right to full pay. Reliance is also placed on decisions of this court (*Matter of Amkraut* v. *Hults,* 21 A D 2d 260; *Moquin* v. *Lowery,* 35 A D 2d 661). Neither of these cases involved policemen and both were governed by different statutes. As pointed out in *Brenner* (*supra,* p. 451) : "Any reference to sections relating to other city employees, using different language  *  *  *  may not be reconciled and should not be resorted to, as, quite obviously, the different enactments were designed to indicate a different legislative intent."