■ In the Matter of EDDIE LYTLE, Appellant, v JOSEPH CHRISTIAN, as Chairman of the New York City Housing Authority, et al., Respondents.— Judgment, Supreme Court, New York County, entered December 18, 1974, granting the petition to the extent of directing an expeditious hearing on the departmental charges, modified, on the law, to direct payment for the salary owing to petitioner for a period beginning 30 days after the date of petitioner's suspension without pay, to the date petitioner was reinstated to his position, less such sums as petitioner earned from other employment during such period, and as so modified the judgment is affirmed, without costs or disbursements. In May of 1972 petitioner was arrested and charged with the crime of murder. Subsequently, petitioner was suspended, without pay, from his position as a Housing Authority Patrolman. Although the hearing date on the subject departmental charges was first scheduled for June 29, 1972, such hearing was unilaterally adjourned by the authority upon the request of the District Attorney of New York County that the departmental trial await the conclusion of the criminal proceeding. Accordingly, petitioner continued under suspension, without pay, for a period in excess of two and one-half years. We note that it now appears that the criminal trial has been concluded and that petitioner was acquitted. It also appears that petitioner has been reinstated to his position. Subdivision 3 of section 75 of the Civil Service Law provides that pending determination of charges a civil service employee may not be suspended without pay for a period in excess of 30 days. And, it is further provided therein that upon being found guilty the only permissible penalties are: (1) reprimand, (2) a fine not to exceed $100, (3) suspension without pay for a period not to exceed two months, (4) demotion in grade and title or (5) dismissal from the service. Accordingly, it is clear that even if an employee is found guilty and ultimately dismissed, he must be paid his salary during any period of suspension—except of course, to the extent of the imposition of a 30 day suspension without pay pending the determination of the charges. (*Matter of Amkraut v Hults,* 21 AD2d 260, affd 15 NY2d 627; *Matter of Gould v Looney,* 34 AD2d 807; see, also, *Matter of Stein v Murphy,* 44 AD2d 796.) However, where the "delay in proceeding is occasioned by the conduct of the accused", he will be denied the right to recover wages for the period involved. (*Matter of Amkraut v Hults,* 21 AD2d 260, 263, *supra.*) Nevertheless, despite the respondents' conclusory statements to the contrary, there is no indication that petitioner was responsible for any delay in these proceedings. Indeed, it not only appears that petitioner was ready to proceed with the hearing, but it is clear that respondents, on their own initiative, chose to delay the proceedings. Accordingly, petitioner is entitled to the accumulated salary for the period involved, less sums earned from other employment during such period (*Matter of McPherson v New York City Housing*

*Auth.* — AD2d —, Settle order on notice. Concur—Kupferman, J. P., Murphy, Tilzer, Lane and Nunez, JJ.