■ In the Matter of EMANUEL TROTNER, Petitioner, v RICHARD J. BARTLETT, Respondent.—Order of the Appellate Division, Second Department, entered May 21, 1975, which found petitioner guilty of charges of insubordination and suspended him for a period of two months without pay, confirmed, without costs and without disbursements; without prejudice to an application by petitioner for recovery of one month's back salary. Study of the record impels the conclusion that the determination sought to be reviewed in this CPLR article 78 proceeding is supported by substantial evidence, that the disciplinary proceeding was properly conducted pursuant to the Rules of the Administrative Board (22 NYCRR Parts 20–33), and that the penalty imposed is not so disproportionate to the offense, in light of all the circumstances, as to shock the sense of fairness of the court. It is noted that petitioner was suspended from duties on January 21, 1975 without pay pending the hearing and determination of the charges brought against him. The hearing was held on February 18, 19, March 12, 13 and 14, 1975, and culminated in a recommendation that petitioner be dismissed or, in the alternative, be demoted two steps in grade. The Appellate Division, Second Department by order dated May 21, 1975, modified the penalty to the extent of suspending petitioner "without pay for a period of two months immediately prior to the date hereof, such suspension being in addition to the original 30 day suspension without pay effective January 21, 1975." Section 25.32 (c) (1) of the Rules of the Judicial Conference (Administrative Board) provides that "(p)ending the hearing and determination of charges * * * the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding 30 days. If such officer or employee is found guilty of the charges, the penalty * * * may consist of a reprimand, a fine not to exceed $100 to be deducted from the salary or wages of such officer or employee, *suspension without pay for a period not exceeding two months,* demotion in salary and title, or dismissal from the service; provided, however, that the time during which an officer or employee is suspended without pay may be considered as part of the penalty" (22 NYCRR 25.32 [c] [1]; emphasis supplied). Thus, a total of three months is the limit for suspension of an employee without pay. As it appears that petitioner has been suspended without pay for four months, to wit, from January 21 to May 21, 1975, the determination herein is without prejudice to any claim he may assert for recovery of one month's pay which may be

recoverable (see *Matter of Amkraut v Hults,* 21 AD2d 260, affd 15 NY2d 627; *Matter of Lytle v Christian,* 47 AD2d 824). Whether such pay is recoverable is not adjudicated in this proceeding. Concur—Kupferman, J. P., Murphy, Lupiano, Lane and Nunez, JJ.