Fuchsberg, J. (dissenting).
The order of the Appellate Division should be reversed and the case remitted for a plenary hearing to determine whether the delay in the departmental hearing was occasioned by either the plaintiff or the defendant and, on the basis of that finding, whether the plaintiff is entitled to recover his salary for any or all of the period of his suspension. A contrary determination flies in the face of the record in this case and, perhaps more important, of the protections subdivision 3 of section 75 of the Civil Service Law intends for all permanent, competitive civil service employees. That the particular plaintiff here may be morally undeserving is, of course, besides the point, since, as the majority agrees, his entitlement to salary, if any, for the excess period of his suspension beyond the statutorily permissible 30 days is not affected by the fact that the charges against him ultimately were sustained (Matter of Amkraut v Hults, 21 AD2d 260, affd 15 NY2d 627).
This is all the more so since the dismissal of the action here was under CPLR 3211, which requires defendant to "conclusively establish that [plaintiff] has no cause of action” (Rovello v Orofino Realty Co., 40 NY2d 633, 636). Here, certainly on the present state of the record, no such showing was made. To *168 the contrary, there is much from which it can be found that all or part of the delay was acquiesced in or caused by the defendant.
The plaintiff, a 54-year-old inspector of demolition, who had then been employed by the defendant for about 20 years, was suspended without pay on May 2, 1972 pending charges that he had unlawfully accepted gratuities on two occasions. However, the defendant did not get around to drawing its hearing notice until nearly a month later. That notice, dated June 1, called for a hearing on June 21. Defendant claims it was unsuccessful in effecting personal service at plaintiff’s home during the eight-day interval between June 6, 1972 through June 14, 1972; plaintiff denies knowledge of these efforts.
In any event, defendant made no further attempt to serve a notice until October when five months had elapsed. It offers no explanation for its failure to have done so, though, since it depended on New York City Housing Authority police officers to serve its hearing notices, personnel was readily available around the clock for that purpose.
Nor is it irrelevant to this picture that the Rules of the New York City Civil Service Commission provide for service of charges in disciplinary proceedings by registered mail when they cannot be made by personal service (rule 6.4.3). The defendant never essayed the simple and foolproof mail route at all.
Interestingly, when in October, it finally renewed its efforts to serve the plaintiff, it effected personal service within 15 days. Claims that there was evasion during any of these relatively brief periods are controverted under oath in the affidavits submitted by the plaintiff.
Upon receiving the notice, plaintiff’s counsel promptly wrote defendant requesting specific documents and asked for an adjournment of one month for preparation. It was the only adjournment plaintiff ever requested. The request, sent on November 22, 1973, appears to have miscarried and did not arrive until December 3, 1973. Upon learning that in the interim a hearing had been held in absentia, plaintiff applied at once to vacate it; the application was granted, presumably on its merits.
Thereafter, defendant again did nothing to prosecute the charges for the next year and a half, to be exact from December, 1973 until May 7, 1975, when the defendant noti *169 fied him it intended to substitute the fact of defendant’s Criminal Court conviction several months earlier, of the crime of receiving unlawful gratuities, which arose out of the same events on which the original charges had been based. Again defendant offers no explanation whatsoever for this delay. Plaintiff had never requested that the defendant’s charges be postponed because of the pendency of criminal charges. Therefore, if, perchance, it suited the convenience of the defendant to await the outcome of the latter so as to avoid the need, in the event of a conviction, for a full departmental trial, or to assure it two alternative paths for success at the departmental trial, one based on the possible criminal conviction and the other, since an acquittal would not bind it, on the underlying charges, these would not be considerations which would justify charging any consequential delay to the plaintiff.
In sum, since the departmental charges were disposed of on June 9, 1975, the time lapse which the defendant, who bore the burden of prosecuting the departmental charges, seeks to impose on the plaintiff covers a passage of three years and one month from the suspension in May, 1973. Nevertheless, because it pursued its efforts to serve the plaintiff during two brief and concentrated periods, one covering a span of only 8 days right after the hearing notice was first issued and the other, which was successful, of but 15, both under circumstances that are in factual dispute, defendant would saddle the plaintiff, ipso facto, with its own failure to proceed through the rest of the time during all these years.
Consequently, I find it difficult to see how it can be said, as does the majority, that, as a matter of law the plaintiff "impede[d] the resolution of the question of his entitlement to continue at his position”. It is also strange to find the importation here of the doctrine of abandonment, which we have heretofore never applied to circumstances where a civil service employee is under involuntary suspension, but only to cases involving employees who refuse or neglect to perform the duties of their positions, as when a public officer’s "nonuser [of his office] by voluntary relinquishmen or by election to another office” has created a vacancy (Matter of Dawson v Knox, 231 App Div 490, 494 [concurring opn], affd without opn 267 NY 565).
Accordingly, the order should be reversed and the case heard on the merits.
*170 Judges Jasen, Gabrielli and Wachtler concur with Judge Cooke; Judge Fuchsberg dissents and votes to reverse in a separate opinion in which Chief Judge Breitel and Judge Jones concur.
Order affirmed.