■ In the Matter of NEWTON DE MARCO, Appellant, v CITY OF ALBANY et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered December 29, 1978 in Albany County, which granted in part and denied in part petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to pay petitioner wages alleged to have accrued during a suspension of petitioner's employment. Petitioner, an Albany Police Department Detective, was indicted for bribe receiving in the second degree. On December 1, 1977, he was suspended without pay pending disciplinary charges in connection with that incident. Such charges were preferred on December 16, 1977, and a hearing thereon was scheduled before the Commissioner of Public Safety on December 23, 1977. However, by order of the Supreme Court, dated December 22, 1977, all proceedings related to the disciplinary matter were stayed pending final disposition of the criminal charge. On January 30, 1978, at petitioner's request, the stay was vacated and on February 9, 1978, he was returned to the payroll. The parties stipulated that the disciplinary hearing would be adjourned pending the outcome of the criminal prosecution. The indictment was later dismissed and a dismissal of the disciplinary charges followed on June 26, 1978. The City of Albany refused to pay petitioner for any portion of his 71-day suspension between December 1, 1977 and February 9, 1978. Special Term determined that petitioner should receive payment for that period, except for the time that the stay was in effect from December 22, 1977 to January 30, 1978. It reasoned that the extension of the ordinary suspension period was a result of petitioner's affirmative act in obtaining the stay and, thus, that he was estopped from complaining of a failure to receive pay during that period. On this appeal, petitioner contends (1) that since he was exonerated of all charges, he should have been fully restored to his position with complete back pay, and (2) in any event, that he was effectively coerced into seeking a delay of the disciplinary hearing in order to protect his Fifth Amendment rights before the administrative body while the criminal charges arising out of the same conduct were still pending. Both arguments must be rejected. Subdivision 3 of section 75 of the Civil Service Law provides in pertinent part: "Pending the hearing and determination of charges of incompetency or misconduct, the officer or employee against

whom such charges have been preferred may be suspended without pay for a period not exceeding thirty days * * * If he is acquitted, he shall be restored to his position with full pay for the period of suspension". The obvious intent of the statute is to compel an expeditious disposition of charges against civil servants (*Matter of Amkraut v Hults,* 21 AD2d 260, affd 15 NY2d 627) by limiting any suspension without pay to 30 days, even though the accused is eventually discharged. However, any delay beyond the initial 30 days emanating from conduct of the party charged will result in a denial of wages for the period involved (*Gerber v New York City Housing Auth.,* 42 NY2d 162; *Matter of Lytle v Christian,* 47 AD2d 824). Consequently, the issue is not the guilt or innocence of the accused, but whether he is responsible for any period of delay in excess of the statutory period (see *Matter of Lytle v Christian, supra*). As to petitioner's remaining contention, there is nothing in this record to support the claim that possible deprivation of a constitutional right motivated his application for the stay. Even if we considered the merits of such an argument, we would find it unavailing. Had petitioner proceeded with the disciplinary proceeding he could have invoked his Fifth Amendment privilege not to testify about incriminating matters, and he could not have been denied his job as a result of his refusal to respond (*Spevac v Klein,* 385 US 511; see *Garrity v New Jersey,* 385 US 493). Moreover, had he refused to testify, the accuser could have requested that he be granted immunity and, again, if it were not granted, his job rights would also be protected (see *Lefkowitz v Turley,* 414 US 70; *Gardner v Broderick,* 392 US 273). Accordingly, since he was exonerated of all charges (Civil Service Law, § 75, subd 3), petitioner should be compensated for the initial 30-day period, but denied compensation during the ensuing period, which was occasioned by his action in obtaining a stay, i.e., December 31, 1977 to January 30, 1978. Judgment modified, on the law and the facts, by reversing so much thereof as directs that petitioner be paid for the period between December 1, 1977 and December 21, 1977, and by directing that petitioner be paid for the period between December 1, 1977 and December 31, 1977, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.