■ In the Matter of THEODORE F. JOHNSON, Petitioner, v CHAIRMAN OF THE NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority, dated April 26, 1979, insofar as it partially sustained the charges against petitioner and upheld his suspension of almost five months. Petition granted to the extent that the determination is modified, on the law, by reducing the period of petitioner's suspension without pay to three months. As so modified, determination confirmed insofar as reviewed and proceeding dismissed on the merits, without costs or disbursements, and respondent is directed to pay to petitioner his accumulated salary for the period of his suspension in excess of three months less the amount of compensation earned in any other employment or occupation and any unemployment benefits he may have received during this period. The finding that between the period July 27, 1977 and March 3, 1978 petitioner was medically incompetent to perform all the duties of his position as a car inspector is supported by substantial evidence. However, absent any delay in the proceedings properly attributable to the petitioner himself, the maximum permissible period of suspension without pay is three months (see Civil Service Law, § 75, subd 3; see, also, *Matter of Trotner v Bartlett,* 54 AD2d 655). In the instant case, we find no such delay attributable to petitioner. Accordingly, petitioner's suspension must be reduced to three months, and petitioner is entitled to an award of back pay as noted above (cf. *Matter of*

*Yeampierre v Gutman,* 57 AD2d 898). Mangano, J. P., Gibbons, Rabin and Gulotta, JJ., concur.