## SECOND DEPARTMENT, APRIL, 1981

## (April 3, 1981)

THOMAS J. DELANEY, Respondent, v ALFRED B. DEL BELLO, as County Executive of Westchester County, Appellant. — In an action for injunctive relief, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated March 18, 1981, as granted the plaintiff's motion to vacate and set aside his suspension by defendant, pending the hearing of the charges preferred against him. Order reversed insofar as appealed from, without costs or disbursements, and plaintiff's motion is denied. The question presented is whether the defendant County Executive of Westchester County is legally empowered to suspend the plaintiff Commissioner/Sheriff of the Department of Public Safety Services of Westchester County, with pay, pending the hearing and disposition of charges preferred against him by defendant. We answer in the affirmative. Effective July 1, 1979, Westchester County abolished its Parkway Police and the elective office of Sheriff, merging the two into a new law enforcement body, the Department of Public Safety Services. The latter was to be headed by a Commissioner/Sheriff appointed for a four-year term by the county executive, subject to the approval of the county board of legislators (Local Laws, 1979, No. 7 of the County of Westchester; for history of this legislation see Westchester County Civ. Serv. Employees Assn. v Del Bello, 47 NY2d 886, revg 70 AD2d 604 on dissenting opn of O'Connor, J., at the App Div). However, it was also provided that "the first appointee shall be the present elected Sheriff whose term shall expire on December 31, 1982" (Local Laws, 1979, No. 7 of the County of Westchester), and plaintiff was accordingly appointed by defendant to the new office. On February 23, 1981 defendant served plaintiff with a statement of charges of misconduct and incompetence, totaling 35 in number. Simultaneously, defendant suspended plaintiff from duty, with pay, pending the disposition of the charges. The next day, plaintiff commenced the instant plenary action to vacate his suspension as illegal and to enjoin any further action on the charges on the ground the latter were so vague as to constitute a denial of due process. Special Term agreed that the suspension was illegal and, as to the claim of vagueness, merely directed defendant to amplify certain designated charges.

Defendant appeals from so much of the order as vacated the suspension. We reverse. Section 110.11 of the Westchester County Charter delineates the general powers and duties of the county executive, insofar as here pertinent, as follows: "The County Executive shall be the chief executive and administrative officer of the county and the official head of the county government. It shall be the duty of the County Executive: 1. to supervise, direct and control, subject to law and the provisions of this act and local laws, the administrative services and departments of the county; *** 5. to see that the county officers, boards, agencies, commissions and departments faithfully perform their duties." Sections 110.21 and 110.31 of the charter detail the county executive's powers of appointment and removal: "§ 110.21 Officers and employees; appointments; term. The County Executive shall appoint to serve during his pleasure, except as otherwise provided in this act, and subject to confirmation by the County Board, the head or acting head of every department and office, the Chairman of the County Tax Commission and members of county boards and commissions. § 110.31. Removal of officers and employees. The County Executive, except as herein otherwise provided may remove or suspend any officer or employee appointed under the authority of the preceding section, provided that in the case of those department heads or members of boards and commissions appointed for a definite term, no removal shall be made until the person to be removed has been served with a written notice of the charges as the basis for his removal and given an opportunity to be heard, publicly if he desires, thereon by the County Executive. The first deputy or other ranking subordinate officer shall in case of such removal become the acting head of the department until a successor has been appointed and qualified." Local Law No. 7 of 1979 of the County of Westchester, which actually amends the charter and the Westchester County Administrative Code, specifically provides (§ 89-b): "The County Executive may remove for cause the Commissioner/Sheriff upon charges made and heard by the County Executive and any punishment imposed by the County Executive shall be subject to the approval of the County Board of Legislators." Keeping in mind that we are not here dealing with the wisdom of plaintiff's suspension, the merits of the charges preferred against him, or the alleged political motivations of the parties, but solely with the issue of legal authority to suspend, we hold that defendant was legally empowered to suspend plaintiff, with pay, pending the hearing and disposition of the charges preferred. Defendant was empowered to remove plaintiff in accordance with the provisions of Local Law No. 7 of 1979 of the County of Westchester upon charges made and heard before him and upon ratification by the county board of legislators of the punishment imposed. We do not read Local Law No. 7 of 1979 of the County of Westchester as prohibiting the *pendente lite* suspension of a department head, such as plaintiff, appointed for a definite term. Such exercise of power is also in accord with sections 110.21 and 110.31 of the charter. However, even if those sections were totally silent on the issue of suspensions, we would hold that defendant was legally authorized to suspend plaintiff, with pay, pending the hearing and disposition of the charges, as an incident to the power of removal. In *Gregory v Mayor, Aldermen & Commonality of City of N.Y.* (113 NY 416, 419-420) the seminal case, the Court of Appeals held: "Whether the power to remove includes the power to suspend, must *** depend, among other things, upon the question whether the suspension in the particular case would be an exercise of a power of the same inherent nature as that of removal, and only a minor exercise of such power, or whether it would work such different results that no inference of its exis-

tence should be indulged in, based only upon the grant of the specific power to remove." *Gregory* and other early cases dealt with the validity of suspensions without pay in the context of suits for salary withheld. Thus, for example in *Gregory,* the commissioners of excise, who were empowered to remove employees at will, had suspended the plaintiff, an excise inspector, indefinitely and without pay, and then apparently appointed another to his position. In *Emmitt v Mayor, Aldermen & Commonality of City of N.Y.* (128 NY 117), a series of temporary suspensions without pay were imposed upon a masonry inspector, apparently because of lack of work (see, also, *Wardlaw v Mayor, Aldermen & Commonality of City of N.Y.,* 137 NY 194; *Lethbridge v Mayor, Aldermen & Commonality of City of N.Y.,* 133 NY 232). The rule established by these cases is that until properly removed from public office, the incumbent is entitled to his salary during any period of suspension. Further, the power to suspend without pay will not be inferred from the power of removal where it accomplishes a different result and constitutes an abuse of traditional rules of governmental service. Although there was originally no express statutory authority in New York for the suspension of a governmental employee or officer pending the hearing of charges against him, nor any decisional authority either approving or condemning such practice, other jurisdictions had early on inferred the existence of such a power from the power to remove for cause (see *Burnap v United States,* 252 US 512, 515; *Matter of Lindquist v City of Jamestown,* 192 Misc 906, 910, and authorities cited therein). Indeed, in *State ex rel. Douglas v Megaarden* (85 Minn 41), for example, involving the power of the Governor to suspend an elected County Sheriff pending a removal proceeding, the power to suspend, even without pay, was inferred to exist as necessarily incidental to the right of removal. Subsequently, suspension pending removal proceedings was expressly authorized in New York by statute as to civil service employees although deprivation of salary during the period of suspension may not exceed 30 days (Civil Service Law, § 75, subd 3). Manifestly, all of the above authorities indicate that while the withholding of a suspended employee's salary is unlawful unless statutorily authorized, the suspension itself, pending the hearing and disposition of charges, is not. The power to suspend pending removal proceedings is obviously "of the same inherent nature as that of removal, and only a minor exercise of such power" (*Gregory v Mayor, Aldermen & Commonality of City of N.Y.,* 113 NY 416, 420, *supra);* it is not, as so limited, likely to work "different results" than the proper exercise of the removal power (cf., e.g., *Matter of Tuchman v Trussell,* 43 Misc 2d 255, where the involuntary placement on temporary leave of absence of a staff physician by the hospitals' commissioner was held unauthorized, the commissioner lacking the power to dismiss without prior consultation with the hospital's medical board, which board was also suspended at the same time); and it "seems to be universally accepted as fair and often necessary" (63 Am Jur 2d, Public Officers and Employees, § 256, p 778), when the public interest is considered. Therefore, defendant's power necessarily includes the power to suspend plaintiff, with pay, pending the disposition of the charges. We do not agree with our dissenting brother's contention that in this case the limited power to suspend must be exercised jointly by defendant and the county board of legislators. *Matter of Kreppein v Downs* (272 App Div 452) is distinguishable in that the 10-day payless suspension there imposed constituted a punishment meted out after a hearing and finding of insubordination, and said penalty was imposed by only one of the two Queens County Court Judges. The power to appoint the petitioner therein was vested by statute in all of the County

Court Judges or a majority of them. Hence, the power to remove, or alternatively, to suspend as punishment for misconduct, also required the joint or concurrent action of both County Court Judges. At bar, the county board of legislators will, of course, have to approve any punishment imposed after the disciplinary hearing. Mollen, P.J., Damiani, Mangano and Margett, JJ., concur.

Rabin, J., dissents and votes to affirm, with the following memorandum: The county executive may exercise only such powers as are conferred upon him by statute *(Matter of Village of Boonville v Maltbie,* 272 NY 40, 47). The statute in question (Local Law No. 7 of 1979 of the County of Westchester, § 89-b) expressly provides that the county executive shall appoint and remove the Commissioner/Sheriff only with the approval of the county board of legislators. This court has held that, where the power to appoint and to remove requires the joint act of two authorities, the power to suspend likewise requires the authority of both acting jointly *(Matter of Kreppein v Downs,* 272 App Div 452; see, also, *Matter of Tuchman v Trussell,* 43 Misc 2d 255). To hold otherwise would be to authorize the county executive to prevent plaintiff from performing his duties for an indefinite period without even attempting to secure the approval of the county board, a power not clearly inferable from the statute. Since it is conceded that the county executive acted without the approval of the county board in suspending plaintiff, the suspension was void and of no effect. In any event, when Local Law No. 7 of 1979 was enacted, giving the county executive power to appoint the Commissioner/Sheriff subject to the approval of the county board, all appointments of the Commissioner/Sheriff were pursuant to that section and not pursuant to section 110.21 of the Westchester County Charter. Therefore, when section 110.31 of the charter conferred the power of removal or suspension of "any officer or employee appointed under the authority" of section 110.21, that power did not extend to the Commissioner/Sheriff appointed under section 89-b of Local Law No. 7 of 1979.