■ In the Matter of THOMAS J. WOHLRAB, Petitioner, v FREDERICK E. MILES, as Acting City Manager of Newburgh, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of respondent Acting City Manager of the City of Newburgh, which, after a hearing, found petitioner guilty of violating certain rules and regulations of the Newburgh Police Department and assessed no penalty for such violations. Proceeding dismissed, without costs or disbursements. On or about March 11, 1980, nine charges of misconduct were filed against petitioner, who was then a Lieutenant in the Police Department of the City of Newburgh. Petitioner was suspended without pay pending a hearing pursuant to section 75 of the Civil Service Law. After the hearing, during which a supplemental charge of misconduct was permitted to be presented, the hearing officer recommended that petitioner be acquitted of all charges and reinstated to his position with full pay for the period of suspension, less the amount of compensation he may have earned in other employment or amounts received through unemployment insurance benefits during such period. The respondent did not adopt the recommendations of the hearing officer, however. He found petitioner guilty as charged, but assessed no penalty against petitioner and ordered the restoration of full pay for the period of suspension, less any amount petitioner may have earned in other employment during such period. Petitioner commenced the instant article 78 proceeding to review the determination which found him guilty as charged. Petitioner contends, *inter alia,* that respondent's failure to assess a penalty was done with the intent to preclude review of his determination. Subdivision 1 of section 76 of the Civil Service Law provides for the right to judicial review only in those cases where a civil servant "believ[es] himself aggrieved by a penalty or punishment of demotion in or dismissal from the service, or suspension without pay, or fine, imposed pursuant to the provisions of section seventy-five of this chapter." We are constrained to hold that in the absence of the imposition of any penalty, the determination of respondent is not subject to review (cf. *Matter of Winn v Department of Hosps. of City of N.Y.,* 20 AD2d

856; *Matter of Mercer v New York City Tr. Auth.*, 56 Misc 2d 974). We are of the opinion that when a petitioner alleges that his superior's failure to impose a penalty constituted a deliberate effort on the part of the superior to deny him judicial review and, hence, an opportunity to clear his record of an adjudication of misconduct, judicial review should be available. However, the statute does not provide for such review, and this court is not empowered to rewrite the statute. We do express the view, however, that the Legislature should consider enlarging a civil servant's right to judicial review so as to include such a situation. Rabin, J. P., Gulotta, Weinstein and Thompson, JJ., concur.