■ In the Matter of GEORGE F. SINNOTT, Petitioner, v JOHN P. FINNERTY, as Suffolk County Sheriff, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of respondents dated October 17, 1983, which, after a hearing, found petitioner guilty of misconduct, imposed a punishment of an official reprimand, and failed to remit petitioner's prehearing 30-day suspension without pay.

Proceeding dismissed, without costs or disbursements.

A determination resulting in a mere reprimand is not reviewable under subdivision 1 of section 76 of the Civil Service Law. The failure to remit petitioner's prehearing suspension without pay did not constitute a posthearing penalty entitling him to a review of respondents' determination.

In *Delaney v Del Bello* (81 AD2d 566), we clearly distinguished a nonappealable prehearing suspension without pay from a posthearing penalty of suspension assessed by an agency against an employee after a final determination of a disciplinary matter. In providing for the imposition of a prehearing payless suspension, subdivision 3 of section 75 of the Civil Service Law does not mandate that the suspension be remitted after a hearing if the employee is found guilty of disciplinary charges. Accordingly, we hold that the decision not to remit the prehearing payless suspension does not constitute a posthearing penalty. Therefore, since the penalty assessed against petitioner after the hearing consisted only of a reprimand, under subdivision 1 of section 76 of the Civil Service Law, respondents' determination is not reviewable and the petition is dismissed (see *Matter of Wohlrab v Miles,* 82 AD2d 836; *Matter of Mercer v New York City Tr. Auth.,* 56 Misc 2d 974). Mangano, J. P., O'Connor, Brown and Niehoff, JJ., concur.