■ In the Matter of GEORGE F. SINNOTT, Petitioner, v JOHN

P. FINNERTY, as Suffolk County Sheriff, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of respondents dated October 17, 1983 which, after a hearing, found petitioner guilty of misconduct, imposed a punishment of an official reprimand, and failed to remit petitioner's prehearing 30-day suspension without pay. By judgment dated November 19, 1984 *(Matter of Sinnott v Finnerty,* 105 AD2d 790), this court dismissed the proceeding, holding that a determination resulting in a mere reprimand is not reviewable, and that the failure to remit petitioner's prehearing suspension without pay did not constitute a posthearing penalty entitling petitioner to a review of respondents' determination. By order dated June 13, 1985, the Court of Appeals reversed that judgment and remitted the matter to this court for consideration of the proceeding on the merits *(Matter of Sinnott v Finnerty,* 65 NY2d 780).

Petition granted to the extent that the determination is modified, on the law, by deleting therefrom the penalties imposed. As so modified, determination confirmed and proceeding otherwise dismissed on the merits, without costs or disbursements, and matter remitted to respondent Sheriff for the purpose of imposing an appropriate penalty in accordance herewith.

Based upon a review of the record as a whole, there is substantial evidence to support respondents' determination that petitioner was guilty of misconduct as charged *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179; *Matter of Stork Rest. v Boland,* 282 NY 256, 267). Accordingly, that determination is confirmed.

With respect to the penalty imposed, in *Matter of Brabham v Weinstein* (89 AD2d 566), we expressly held that Civil Service Law § 75 (3) provides a choice of penalties; that is, " 'a reprimand, a fine * * * suspension without pay * * * demotion in grade and title, *or* dismissal from the service' ", thus prohibiting the imposition of a dual penalty such as a reprimand, as well as suspension without pay.

On the appeal of this case, the Court of Appeals held *(supra,* p 781) that respondents' refusal "to remit the 30-day prehearing suspension, may be considered a penalty or punishment within Civil Service Law § 76 (1), of which review may be sought". In view of this determination, and in accordance with *Matter of Brabham v Weinstein (supra),* we remit this case to the Sheriff for the imposition upon petitioner of a penalty of suspension without pay or a reprimand, but not both. Mangano, J. P., Brown, O'Connor and Niehoff, JJ., concur.