JANETTE ABELES, Petitioner, *v.* FRED ABELES, Respondent.

Domestic Relations Court of City of New York, Family Court Division, New York County, October 13, 1937.

*Jane Bolin, Assistant Corporation Counsel*, for the petitioner.

*Max L. Arnstein*, for the respondent.

PANKEN, J.   On the testimony submitted to me in this proceeding, I am satisfied that the interest of the children will be best served if they remain at the school where they are now domiciled. In the next instance, the best place for the children would be with their father and paternal grandfather and grandmother.   The home occupied by the father and paternal grandparents is adequate and the grandmother, whom I have seen, is evidently a competent person, well able to take care of the children.   The children would not be as well cared for at the home of the mother.

The mother is employed and the maternal grandmother has several children, not her own or belonging to any member of the family as far as I have been able to learn, for whom she cares, for compensation.   The quarters are not as adequate as those of the paternal grandparents.

Generally, the proper guardian for children of such tender age as the children herein involved is the mother.   She, however, at one time abandoned them.   That one instance may not be sufficient to stamp her as incapable of looking after her children.   It is, however, indicative of her feeling.

Under section 92 of the Domestic Relations Court Act, unless an order of protection is granted, the custody of children is not to be determined in a proceeding in the Family Division of the court.   That is the provision of law as it now stands.   My own

opinion is that the Legislature has probably not intended to limit the awarding of custody of children to proper guidance under the restrictions set forth in subdivision 8 of section 92 which reads: " To award the custody of children, during the term of such order of protection, to either spouse, or to an appropriate relative within the second degree."

Particularly in face of the language of paragraph (a) of subdivision 2 of section 91 of the same act, which provides that the court shall have " Jurisdiction for the protection, guardianship and disposition of neglected or dependent minors."

The children involved in this proceeding are minors. Both of them are under the age of sixteen years. It is apparent from the language of paragraph (a) of subdivision 2 of section 91 of the Domestic Relations Court Act, that it was the intention of the Legislature to confer jurisdiction upon the court and the power necessary to protect and guard and dispose of neglected or dependent minors. It is significant that under the Domestic Relations Court Act, in cases of neglected children when brought before the Children's Division of the court, or when otherwise before that Division, a justice thereof may award the custody of such children to either parent or even a custodial institution regardless of an order of protection.

The Family Division of the court is a part of the court set up under the act. The language of the statute as it appears in subdivision 8 of section 92, indicates that when children are involved before the Family Division of the court, custody of such children can only be awarded for a period or term running concurrent with an order of protection as may have been granted under subdivision 7 of section 92.

The tendency of modern thought and sociology is to avoid bringing children before a judicial tribunal. That is also the purpose of recent statute law in other jurisdictions as it is the practice of the Domestic Relations Court of New York. The differentiation between the Children's Division and the Family Division of the court in so far as the protection, guardianship and the disposition of neglected or dependent minors is arbitrary.

The language of the Domestic Relations Court Act is specific and provides in very definite terms that in the Family Division of the court custody may only be given to either parent or to a relative within the second degree for a period during the term of an order of protection granted to one or the other of the parents.

Force may be given to the intent of a legislative act when the language in which it expresses itself is vague, uncertain or indefinite.

Where the language is specific, clear and definite, courts may not go behind the mandate clearly indicated in definite language of a legislative act. The remedy is by legislative amendment.

I reluctantly conclude that the Family Division of the Domestic Relations Court has no power in this instance to award the custody of the children to either father or mother. If either one parent or the other neglects the children, a proper petition may be filed in the Children's Division of the court and upon a finding there the proper order will be made.