In the Matter of HELEN S. CHENEY, Petitioner, Respondent, against JOSEPH K. CHENEY, Appellant.

W. WALTER CHENEY, a Witness, Appellant.

First Department, November 4, 1938.

*Michael W. Casey,* for the appellants.

*Charles A. Taussig* of counsel [*William C. Chanler, Corporation Counsel*], for the respondent.

COHN, J.   Helen S. Cheney instituted a proceeding in the Family Court Division of the Domestic Relations Court of the City of New York by filing a petition therein to compel support from her husband Joseph K. Cheney, the respondent-appellant.   The husband was not served with a summons or other process, nor did he appear in court to answer the charge.   A subpœna to appear as a witness was issued by the court directed to Dr. W. Walter Cheney, a brother of the husband.   When Dr. Cheney attended in response to the subpœna he moved to vacate it upon the ground that the court had acquired no jurisdiction over the husband.   The court denied the motion to vacate and said: " The witness is properly before the court for interrogation in the matter which is before the court at this time, to wit, the whereabouts of the respondent."   Under threat of immediate citation for contempt if he failed to testify, Dr. Cheney permitted himself to be sworn and he thereupon answered all questions propounded to him.

From the order denying the motion to vacate the subpœna this appeal is taken.   On December 30, 1937, the husband through his counsel filed and served a special notice of appearance " for the purpose of taking and prosecuting an appeal " from the order. The notice of appeal was filed in behalf of the witness and the husband.

In so far as appellant Joseph K. Cheney is concerned, the appeal must be dismissed because (1) he is not a party aggrieved by

the order appealed from (Domestic Relations Court Act of City of New York, Laws of 1933, chap. 482, § 58; Civ. Prac. Act. art. 37, § 557); (2) the order does not affect any of his substantial rights (Civ. Prac. Act, art. 39, § 609, subd. 4).

As to appellant W. Walter Cheney, the witness, the order is not appealable because (1) it was not a final order of the court (Domestic Relations Court Act of City of New York, § 58; *People ex rel. Livingston v. Wyatt*, 186 N. Y. 383, 394; *Matter of Steinman v. Conlon*, 208 id. 198, 203; *Matter of Depue*, 185 id. 60), and (2) the question involved in the appeal has become academic as Dr. Cheney appeared, was sworn, and answered all questions. (*Matter of Lyon Co. v. Morris*, 261 N. Y. 497.)

In *People ex rel. Livingston v. Wyatt* (*supra*, at p. 394)' the Court of Appeals outlined the appropriate remedy available to a witness in a similar situation in the following language: " We do not hold that a motion before the magistrate to set aside the subpœna would be an adequate remedy, because we cannot find any right of appeal allowed to a witness from an order denying such an application. There was a remedy, however, thorough and complete, through the writ of habeas corpus. The magistrate was not only acting without jurisdiction, but the subpœna was void on its face and the relator was not bound to obey it. * * * Any attempt to punish him would have been unlawful and he would have had an absolute right to relief through this great historical writ, which is the most important process known to the law. If relief were refused in the first instance, there was a right of appeal to the Appellate Division and to the Court of Appeals, so that ultimate if not immediate justice was certain."

While we are of the opinion that the court was without authority, statutory or inherent, to conduct a proceeding for the purpose of ascertaining the whereabouts of the husband, and that it had no power to issue a subpœna to the witness Cheney to testify at such a hearing, particularly where, as here, the court had acquired no jurisdiction over the husband (*Matter of Buoneto v. Buoneto*, 278 N. Y. 284), we are constrained to dismiss the appeal for the reasons heretofore stated.

The appeal should be dismissed, without costs.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Appeal unanimously dismissed, without costs.