OLIVE McKENZIE, Petitioner, *v.* ARCHIBALD McKENZIE, Respondent.

Domestic Relations Court of New York, Family Court, New York County, June 30, 1943.

No appearance for petitioner.

No appearance for respondent.

PANKEN, J. The Appellate Division in the *Matter of Cheney v. Cheney* (255 App. Div. 302) said: " While we are of the opinion that the court was without authority, statutory or inherent, to conduct a proceeding for the purpose of ascertaining the whereabouts of the husband, and that it had no power to issue a subpoena to the witness Cheney to testify at such a hearing, particularly where, as here, the court had acquired no jurisdiction over the husband (*Matter of Buoneto v. Buoneto,* 278 N. Y. 284), we are constrained to dismiss the appeal for the reasons heretofore stated." The reason assigned by the court for the dismissal of the appeal was that the issue upon which the court was to pass had become academic, since the witness for whom the subpoena was issued and which subpoena was sought to be vacated, had been sworn and testified, and no possible good purpose would be served by a determination by the court as to whether or not that subpoena should be vacated. However, the law is construed in *Matter of Cheney* v. *Cheney* (*supra*) and this court on that construction is without authority, either statutory or inherent, to conduct proceedings to ascertain the whereabouts of a spouse through witnesses subpoenaed to testify in such a proceeding and for that purpose.

The inclusion by Mr. Justice COHN of the language, " particularly where, as here, the court had acquired no jurisdiction over the husband," does not in my judgment establish the principle of law that if the court had acquired jurisdiction of the husband subpoenas might issue for witnesses in pro-

ceedings confined and limited to inquiry as to the whereabouts of the spouse.

The law does not contemplate nor make provision for fishing expeditions, though the " fish " is important to a final determination of an issue presented under the law.

The orderly procedure followed in courts of law excludes proceedings or hearings involving persons who are not parties to the litigation. It is evident that, were it otherwise, harassment of strangers to a litigation would be permitted; moreover, litigious persons and vengeful individuals might readily use that means to vent their spleen upon persons not parties to the litigation or even upon persons who are parties to the litigation through the medium of others. The rule of law which confines what might be termed as a " John Doe " proceeding in cases where crime is suspected, is sound, such proceedings are justifiable on the basis that they are protective of the community against criminal conduct. And it is the duty of citizens to respond to law enforcement agencies in an effort to stamp out crime and to protect the community against criminals. This court does not partake of the nature of a criminal court.

There is a difference of opinion among my colleagues as to the purport of the determination by the Appellate Division, First Department, in Matter of Cheney v. Cheney (255 App. Div. 302, supra). Possibly the power of this court can be more clearly fixed if the matter went to the Appellate Division again on this particular problem as to its power.

It appears from the report of the Probation Officer submitted today that the ends of justice would warrant the issuance of a subpoena for John McKenzie, a brother of the respondent. Probation Officer Cahn very frankly reports that the only purpose for bringing this man, John McKenzie, to court on the subpoena is to inquire from him as to his knowledge of the whereabouts of his brother, the respondent herein.