George A. Timone, J.
At this preliminary hearing limited to jurisdictional questions, the facts essential to a decision only on these questions are uncontroverted. The respondent puts in issue the court’s jurisdiction with respect to residential requirements as well as to subject matter.
Prior to January, 1959 the parties and their child resided in Schenectady, New York. In that month respondent obtained a position in New York City, remaining at a hotel in this city during the week and returning to his Schenectady home on week ends. On the week end of October 4 the parties separated and the respondent removed the child from petitioner’s Schenectady home. On October 6 petitioner removed the child from the vicinity of the home of respondent’s mother in Jersey City and returned with her to Schenectady. That same evening the respondent again removed the child from petitioner’s home. The respondent moved from his hotel residence in New York City to Jersey City on or about October 14. On October 9 while respondent was still a resident of New York City, the petitioner, who still resides in Schenectady, New York, appeared in this court and instituted this proceeding which was then for the support of a wife only. On the return date of the proceeding she amended her petition so as to request support only for the child of the parties.
The respondent’s contention as to residental jurisdiction is not sustained. Since the respondent resided in this city “ at the time of the filing of the petition for support” the residential requirements of section 103 (subd. 1, par. [a]) of the Domestic Relations Court Act are met, and it matters not that the respondent has since moved to Jersey City where the child also presently lives with her paternal grandmother and in close proximity to respondent’s residence and under his supervision.
We come now to the jurisdictional question involving subject matter. The Domestic Relations Court of the City of New York is a court of limited jurisdiction with only such powers as are expressly granted by statute. (Matter of Cheney v. Cheney, 255 App. Div. 302; Ahearn v. Ahearn, 4 Misc 2d 1043; Grossman, New York Law of Domestic Relations, § 193.)
In the Family Court Division of this court, the jurisdictional provisions pertinent to this proceeding limit the court to a proceeding ‘ ‘ to hear and determine all proceedings to compel the support of a wife, child or poor relative ” (§ 91, subd. [1]; italics mine). And it is only in such a proceeding that it has broad jurisdiction in relation to neglected and dependent minors (§ 91, subd. [2], par. [a]).
*735 This court has further been granted the power to issue an ‘ ‘ order of protection ’ ’ which may, among’ other things 1 ‘ award the custody of the children, during the term of such order of protection, to either spouse ”, but such order may be granted only “in assistance or as a condition of an order for support” (§ 92, subds. [7], [8]). Thus, only where a support order is justified, may the court entertain jurisdiction to issue an order of protection.
The statutory requirement of the prayer of the petition in this case is that the court order the respondent father “ to support (the child) as required by law” (§ 101). A support order is justified only if the court finds both that a respondent is chargeable with the support “ and should be compelled to provide such support ” (§ 128).
In this case, the child is in the custody of and is being supported by the respondent father. There is no contention that respondent has failed in his duty of support either presently or before he removed the child from his mother’s custody in October, 1959.
Although the mother’s petition as amended takes the form of a demand for the child’s support, her real purpose and objective is first to obtain an order directing the respondent to return the child to her custody. As a sequel thereto and secondarily, she seeks an order compelling the respondent to pay for the child’s support. The fallacy here, under existing law, is that there has been no past or present failure of support by the respondent. There is, therefore, no justification for a court order compelling support on the mere possibility of a future refusal to perform this duty. The real issue, manifestly, is custody and not support.
The general jurisdiction to determine which parent shall have custody of a child, either as an incident to a matrimonial action (Civ. Prac. Act, §§ 1170, 1170-a) , or in a habeas corpus proceeding (Domestic Relations Law, § 70; Civ. Prac. Act, art. 77), is vested exclusively in the Supreme Court. This case does not fall within the limited custody jurisdiction granted by sections 91 and 92 of the Domestic Relations Court Act (see Abeles v. Abeles, 164 Misc. 418; “Zunder” v. “Zunder”, 187 Misc. 557; Matter of Berman v. Berman, 169 Misc. 921).
The court is constrained to dismiss the petition on jurisdictional grounds. Order signed. The Clerk will send a copy of this memorandum to the attorneys for both sides.