John D. Bekkeit, S.
Tills is a motion pursuant to CPLR 2304 to quash a subpoena. The court finds the issuance of this subpoena to be most unusual and a review of the facts is necessary that it be understood.
*43 The decedent, Richard Blake, at the time of his death in 1949 was an employee of the American International Underwriters Corporation. He died in occupied Germany as the result of an automobile accident, having been taken to the 387th Station Hospital of the United States Army. The death certificate issued by this Army hospital shows that he died on August 10, 1949 at 2:40 a.m. from injuries suffered in the accident. The death certificate shows that the same Army hospital performed an autopsy on the body that day to determine the actual cause of death. He was survived by his widow, Helen M. Blake, and an infant son, Dexter Blake, who as of this date has attained his majority.
Decedent left a will dated May 19, 1949 naming his attorney as executor. Pursuant to the petition of the executor the will was duly probated by this court on October 4, 1949, the petition showing that decedent left no real property and approximately $1,000 in personal property. No accounting has been filed herein and court presumes that the small amount of assets left by the decedent was absorbed by the funeral and administration expense and the widow’s allowance under section 200 of the Surrogate’s Court Act.
Subsequently the widow retained a competent firm of attorneys in Nassau County to collect insurance, and the sum of $21,000 was collected and paid to the widow as guardian for the son, he being the named beneficiary in the policies. The widow filed annual guardian accounts for a few years and then neglected to file further accounts or to apply to the court for necessary college expenses for the son, and the son in 1960 petitioned for the removal of his mother as guardian and the appointment of his maternal grandmother as his guardian. After a hearing the relief requested by the son was granted.
From shortly after the death of the husband, the widow has demanded of the American International Underwriters Corporation, the decedent’s former employer, permission to examine their personal records on her husband. Her present attorney is stated by this company to be approximately her 14th counsel who has demanded inspection of their personnel records, in addition to personal demands made by the widow. The company has apparently made reasonable efforts to accommodate these many past requests and has furnished photostatic copies of some of their records to at least one of her more recent counsel, all of which is not denied by the widow. At this time, 17 years after the death of the decedent, the patience of the former employer has worn thin and when the widow’s present attorney served a subpoena duces tecum to produce “ a certain personal *44 file and group life insurance policies concerning said former employee, Richard Blalcc ”, which subpoena was entitled “ Probate Proceeding, Will of bichabd blake, Deceased ” and to ‘ ‘ attend before Honorable John D. Bennett, Surrogate of Nassau County ”, this motion to quash the subpoena was brought.
The former employer alleges that the “ continued harassment by Mrs. Blake is solely for the purpose of reading the personnel file for certain personal reasons having nothing whatsoever to do with alleged assets ”, and that the reasons in Mrs. Blake’s reply affidavit to this motion that there may be policies of insurance which have not been paid by the insurer of her husband’s life and which may constitute assets of the estate are a sham to cover her true motive in that she is under an illusion that her husband is not dead but is in fact in hiding from her.
Under the common law the subpoena ad testificandum is regarded as a matter of right, whereas a subpoena duces tecum is not a process of right, but is permitted only in the discretion of the court where the books, records and documents to be produced are relevant and material to the issue, and where they have been described with reasonable precision (Matter of Trombetta v. Van Amringe, 156 Misc. 307). The purpose of a subpoena is to compel the attendance at a trial or hearing of the necessary witnesses, and in a proper case for them to bring certain specified books and documents. It is a process in the name of the court authorized by law to issue the same, and the present authority is contained in article 23 of the CPLR. Subdivision 3 of section 20 of the Surrogate’s Court Act authorizes the Surrogate to issue a subpoena duces tecum. CPLR 2302 (subd. [a)) authorizes, among others, “an attorney of record for a party to an action ” to issue a subpoena.
The court has no authority to issue a subpoena in connection with a proceeding which it has not the power to conduct (Matter of Cheney v. Cheney, 255 App. Div. 302), nor can a court issue a subpoena where there is no proceeding or action before it, nor can an attorney issue a subpoena under such circumstances.
Although the subpoena here was issued in the “ Probate Proceeding, Will of bichabd blake, Deceased,” the said probate proceeding terminated upon the signing of the decree of probate by the Surrogate on October 4, 1949. Although the subpoena directs the said papers to be produced “ in a certain action now pending in the said Court, then and there to be tried ’ ’, since there is no proceeding in this court, there can be no issue joined and to be tried and of course no trial date set. Furthermore, were there such a proceeding, issue joined and set for trial, it *45 would be questionable under the circumstances whether or not the court would find the papers subpoenaed to be adequately described and material to the issue. The attorney who issued this subpoena is certainly not “ an attorney of record for a party to an action” (CPLB 2302, subd. [a]) in this court.
In this State a subpoena is not an independent process, but is always connected with an action or special proceeding (Fraser v. Copake Lake Pure Ice Corp., 127 Misc. 457).
There being no proceeding in this court which would authorize the Judge of the Surrogate’s Court to issue a subpoena, it is academic that an attorney has no authority to issue a subpoena in the Judge’s name. For the reasons aforesaid, the motion to quash the subpoena is granted.