Edward J. McLaughlin, J.
The petitioner has before the *245 court three petitions for modification of a support order dated June 17, 1974 pursuant to section 171 of . the Family Court Act, there having been made an order of filiation declaring the respondent as the father of the subject child on June 29, 1964.
During the course of the proceedings, the respondent has been granted a preliminary order of protection issued against the petitioner, pursuant to section 550 of the Family Court Act. Respondent’s petition alleges that petitioner has made numerous telephone calls to his family and business associates at their places of business and homes in order to secure direct personal contact with the respondent, who is recovering from two recent medical procedures involving open heart surgery. Respondent, through his attorney, advised the court that neither members of his family nor his business associates to whom petitioner has spoken had knowledge that respondent has a child born out of wedlock or of the present proceedings until petitioner informed them of these facts. The respondent has submitted affidavits of persons whom petitioner contacted which state that petitioner has made frequent telephone calls to them, has ignored their requests' to refrain from communicating with them, and has made harassing and threatening statements in order to make these people accede to her wishes. During the trial of the petitions to modify, at the request of respondent, the court made a preliminary order of protection on May 20, 1976. (Family Ct Act, § 550.) The matter is now before the court to make a permanent order of protection, pursuant to section 551 of the Family Court Act.
The question that this matter places before the court is what criteria need be shown before the court can issue an order of protection under section 551 of the Family Court Act.
Petitioner contends that the respondent must show facts which would be consistent with the necessary allegations of article 8 of the Family Court Act, that is, the facts alleged would constitute disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempted assault (Family Ct Act, § 812) before the court can have jurisdiction to issue an order of protection under article 5 of the Family Court Act. The court holds such an interpretation of article 5 of the Family Court Act unwarranted and that the court can grant an order of protection pursuant to section 551 of the Family Court Act without first finding the jurisdictional facts *246 needed to grant an order of protection under article 8 of the Family Court Act.
The addition of section 551 to the Family Court Act in 1972 was intended to give article 5 a provision for an order of protection equivalent to the provision for one in article 4 (NY Legis Ann, 1972, pp 24, 25, citing Levy v Louisiana, 391 US 68). Therefore, the powers and limitations of section 551 of the Family Court Act are analogous to those of section 446, not section 812 of the Family Court Act.
The jurisdictional basis that is required for the court to issue an order of protection pursuant to section 446 of the Family Court Act is that it must be "in assistance or as a condition of any other order made under this part”. This is substantially the same basis on which the predecessor court to the Family Court could issue an order of protection pursuant to a support action under subdivision (7) of section 92 of the Domestic Relations Court Act. Under subdivision (7) of section 92 of the Domestic Relations Court Act, the Family Division of the Domestic Relations Court could have issued an order of protection as long as an order of support would have been justified (Raffone v Raffone, 20 Misc 2d 733; Kinsey v Lawrence, 100 NYS2d 597). The only qualification made on this has been that the power to issue an order of protection should be used with discrimination (Brown v Brown, 34 NYS2d 459). Therefore, we hold that all that need be shown to enable the court to issue an order of protection under section 551 of the Family Court Act is that the order be in assistance to, or a reasonable condition of, another order made under article 5. (See Burger v Burger, 33 AD2d 1035; see, also, "Horner” v "Horner”, 184 Misc 989, affd sub nona. Hartstein v Hartstein, 269 App Div 770.)
The court finds that the conduct of the petitioner in this matter is such that an order of protection is necessary in assistance to the court’s existing order of support. The court finds that the present weakened physical condition of the respondent shall be substantially affected for the worse should he continue to be subjected to the emotional stress caused by the petitioner’s efforts to make personal contact with him. A deterioration of his physical condition would likely result in a reduction of his ability to earn sufficient moneys to continue to pay for the support and education of the child. Such a consequence would not be in the child’s best interests.
It is, therefore, the disposition of this court that a perma *247 nent order of protection be made under article 5 of the Family Court Act requiring the petitioner refrain from any offensive conduct against the respondent, including, but not limited to, efforts to contact him directly or indirectly through members of the respondent’s immediate family, or business associates of the respondent, all such persons to be named in the order. However, the respondent shall designate to the petitioner a person, preferably his counsel, through whom he may be contacted should contact be necessary, in the opinion of the petitioner, for the best interests of the child. (Family Ct Act, § 551, subd [c].)
It presently appears to the court that the respondent shall be fully recovered in one year, and accordingly the specified period of this order shall be 12 months from the date of this decision. (Family Ct Act, § 551.)