OPINION OF THE COURT
Henderson W. Morrison, J.
The petitioner is a municipal housing authority pursuant to the Public Housing Law of the State of New York. Through its officers, the Housing Authority has informed the Nassau County District Attorney of possible criminal actions on behalf of tenants concerning the filing of false statements with the Housing Authority. Acting upon this information, the District Attorney caused a Grand Jury subpoena duces tecum to be served upon the Housing Authority and a subpoena ad testificatum to be served upon its chairman.
By order to show cause, the Housing Authority seeks to quash the subpoena duces tecum on the grounds that it is too broad and oppressive and would impose tremendous hardships on the Housing Authority, and that section 159 of the Public Housing Law creates a “privilege” precluding the Grand Jury from obtaining the subpoenaed material. Section 159 of the Public Housing Law reads as follows:
“§ 159. Disclosure of certain information prohibited
“Information acquired by an authority or municipality or by an officer or employee thereof from applicants for dwellings in projects of an authority or municipality or *1016 from tenants of dwellings thereof or from members of the family of any such applicant or tenant or from employers of such persons or from any third person, whether voluntarily or by compulsory examinations as provided in this chapter, shall be for the exclusive use and information of the authority or municipality in the discharge of its duties under this chapter and shall not be open to the public nor be used in any court in any action or proceeding pending therein unless the authority, municipality or successor in interest thereof is a party or complaining witness to such action or proceeding. Notwithstanding the foregoing, the authority or municipality shall furnish to the commissioner of housing full and complete reports relating to any such applicant or tenant whenever the commissioner of housing shall request such reports. Also, nothing herein contained shall operate to prevent an authority or municipality from making full and complete reports to the commissioner of housing or to the municipality in which an authority operates or to the federal government or any agency thereof relating to the administration of this chapter or of any project or relating to any such applicant or tenant, nor to prohibit an authority or any government or agency receiving such information of an authority, from publishing statistics or other general information drawn from information received from such applicants or tenants.”
In determining whether a subpoena duces tecum is overly broad, the court must determine the relevancy of the material sought to the investigation. (Matter of Minuteman Research v Lefkowitz, 69 Misc 2d 330; Oklahoma Press Pub. Co. v Walling, 327 US 186.) Since the investigation concerns the filing of false instruments with the Housing Authority, it is obvious that the material sought by the subpoena, i.e., applications, is relevant to the investigation.
Although compliance with the subpoena duces tecum may be inconvenient, this court is not convinced that it would impose any “tremendous hardships” on the Housing Authority sufficient to warrant the quashing of the subpoena.
*1017 This court rejects petitioner’s argument that section 159 of the Public Housing Law precludes the documents subpoenaed from being offered in evidence before a Grand Jury. To accept that argument would permit tenants and prospective tenants to file false applications and financial statements with impunity.
Municipal housing authorities are agencies and instrumentalities of the State and are partially funded with public funds (Public Housing Law, § 2). To permit tenants and prospective tenants to file applications and financial statements free from criminal investigation would contravene public policy and be detrimental to the public interest.
It appears quite clear from a reading of section 159 of the Public Housing Law that it was intended to protect applicants and tenants from public disclosure of their financial information. However, Grand Jury proceedings are secret and may not be disclosed without a written order of the court. (CPL 190.25, subd 4.)
In a Grand Jury investigation, the District Attorney may call as a witness any person he believes possesses relevant information or knowledge (CPL 190.50, subd 2) and every witness must give any evidence requested of him (CPL 190.40, subd 1).
Based upon the foregoing, the Housing Authority and its chairman are to appear before the Grand Jury on February 20, 1981, in compliance with the subpoenas previously served upon them.