OPINION OF THE COURT
C. Raymond Radican, J.
In these guardianship proceedings a triable issue has been *196 presented concerning the bona fides of the petition seeking the appointment of the maternal grandparents of Lance Bell as guardians of his person. More particularly, that issue centers upon the residency claims that Lance Bell has "always” resided with the nominated guardians at Baldwin, New York.
Lance Bell is an infant now 15 years of age whose mother, a single parent, resides in a public housing project operated under the jurisdiction of the New York City Housing Authority. It is alleged that the infant’s past schooling was completed in New York City public schools and the claim that he "always” was and is a resident of Baldwin is contrary to fact. In furtherance of these allegations, respondent, Uniondale Union Free School District, seeks to subpoena the records of the Housing Authority and the Nassau Queens Medical Group relative to the family’s occupancy of their apartment in New York City and medical care required by the infant all to the extent that they may contain information relative to the infant’s actual residence.
The cross motion by respondent school district for medical records has not been opposed. The New York City Housing Authority has moved to quash the issuance of the subpoena seeking housing records (CPLR 2307 [a]) upon the claim of confidentiality.
Section 159 of the Public Housing Law provides that information acquired from tenants of public housing, including family members, "shall not be open to the public nor be used in any court in any action or proceeding * * * therein” except where the Authority is interested as a party or a complaining witness. Here, the Housing Authority is not a party nor a complaining witness in these guardianship proceedings. The confidentiality so imposed has been held inapplicable to Grand Jury subpoenas where the tenant was the subject of inquiry and absent an indictment a public disclosure would not be made (Matter of Housing Auth., 107 Misc 2d 1015). Irrespective of the possible probative value of information contained in housing records the language employed by the Legislature is expressed in the broadest terms as to the unavailability of that information irrespective of the court or proceedings wherein it is sought to be utilized.
In the circumstances, the court finds ho basis to fashion an exception to the restrictions provided for by section 159 of the Public Housing Law for the purpose of assisting in determining residence within a guardianship proceeding. Equally, the *197 court has not been persuaded that the information which respondent seeks is not available from other sources, that a fair hearing could not be held absent disclosure or that the matter, if disclosed, would materially affect the outcome of the proceeding which seeks the factual showing of the infant’s present and past residence (see, People v Gissendanner, 48 NY2d 543).
Upon the foregoing, the judicial subpoena duces tecum requested by respondent relative to Housing Authority records will not be issued. Relative to the issuance of the subpoena duces tecum directed to Nassau Queens Medical Group, which the court has heretofore indicated is unopposed, the motion is granted and the subpoena will be signed.