OPINION OF THE COURT
Lee Cross, J.
On February 5, 1993, Robert Jones was sentenced to three years’ probation, following his conviction of violating Penal Law §220.03. On July 7, 1993, a declaration of delinquency was signed by this court because of Jones’ failure to report to probation. A letter was sent to Jones at his last known address. Upon Jones’ failure to come to court in response to the letter, a bench warrant was issued for his arrest. In attempting to arrest Jones on the bench warrant, the warrant squad of the Department of Probation (hereinafter DOP) went to the address which Jones had listed on his two most recent arrests — apartment 7A, 640 Stanley Avenue, which is in the Linden Houses Project of the New York City Housing Authority (hereinafter NYCHA). The present tenant at that address said that he had recently moved in and he identified a photograph of Jones as a person living with the prior tenant. The prior tenant listed for apartment 7A was a Linda Gilmore. When DOP informally attempted to find out from NYCHA the new address for Ms. Gilmore, that agency refused to release it to DOP, although the agency admits that Ms. Gilmore is still residing in a NYCHA building.
On November 23, 1993 a Judge of the criminal court signed a subpoena duces tecum submitted by DOP ordering NYCHA to produce "any and all records for the period June, 1993 to the present relating to a change of address for Linda Gilmore from 640 Stanley Avenue, Apt. 7A, Brooklyn, New York to an unknown address. Specifically Ms. Gilmores [sic] current address.” NYCHA now moves to quash this subpoena on the grounds that disclosure of NYCHA tenant files is barred by section 159 of the New York State Public Housing Law. The motion to quash is denied insofar as the subpoena requests the new address for Ms. Gilmore.
The first issue, not raised in the instant motion but which nonetheless must be addressed, is whether a subpoena *248 can be issued where no adjourned date exists. A judicial subpoena duces tecum is a court process for compelling the attendance of a witness at a trial or other court proceeding, and for the production of items in the control of the witness. It is not to be used for discovery or to ascertain the existence of evidence. (People v Gissendanner, 48 NY2d 543 [1979]; People v Hasson, 86 Misc 2d 781 [Sup Ct, Richmond County 1976].) Additionally, a subpoena is not an independent process. A court cannot issue a subpoena where there is no proceeding or action before it, nor can an attorney issue a subpoena under such circumstances. (CPL 610.10; see, Matter of Blake, 51 Misc 2d 42 [Sur Ct, Nassau County 1966]; Goldberg v Candy Prods. Co., 127 Misc 455 [City Ct, NY County 1926].) In the instant case there is clearly a proceeding pending before the court in that the defendant is allegedly in violation of his probation and a declaration to that effect has been signed. Because a warrant is outstanding for the defendant’s arrest no specific adjourned date has been set on which this probation violation hearing is scheduled to occur. Nonetheless, this court will deem the request for a subpoena by DOP as the scheduling of an adjourned date in this matter at which the aid of the court is needed. This is being done so that DOP can ascertain information which will enable it to effectuate the process issued by the court. Even though there is an adjourned date in this matter, the bench warrant will be maintained for Jones’ arrest. But, it is important to note that the subpoena is returnable to the court, not to the offices of DOP. NYCHA will produce this information in court, to the court, which will then turn it over to DOP so that it can attempt to effectuate the arrest of Jones on the bench warrant issued by the court.* This proceeding will be conducted in camera.
The next issue to be addressed is why the subpoena should not be quashed on the merits under Public Housing Law § 159 which provides in pertinent part the following: "Information acquired by an authority or municipality or by an officer or employee thereof from applicants for dwellings in projects of an authority or municipality or from tenants of dwellings thereof * * * shall be for the exclusive use and information of the authority or municipality in the discharge of its duties under this chapter and shall not be open to the *249 public nor be used in any court in any action or proceeding pending therein unless the authority, municipality or successor in interest thereof is a party or complaining witness to such action or proceeding” (emphasis added). DOP is seeking the current address of Linda Gilmore. They are not seeking the name of the tenant as this information is already known. The address being sought was given to Ms. Gilmore by NYCHA and is obviously not information which was acquired from her. In applying for public housing an applicant is undoubtedly required to reveal very detailed financial information in order to determine entitlement. Such information is very personal and confidential and should be protected. This was the intention of the Legislature in drafting Public Housing Law § 159. See, Bill Jacket, Laws of 1941 (ch 294, at 18), which indicates that the purpose of section 159 is "to prohibit the disclosure of personal information given by tenants or their employers to housing officials as to tenants income and other personal matters” (emphasis added). Clearly, an address given to a tenant is not the type of information intended to fall within the protection of section 159 and, literally read, such information does not fall within that statute’s purview. To the extent that the subpoena requests more than the current address of Ms. Gilmore, it will be quashed. That part of the subpoena seeking her current address, however, will be enforced.
Public Housing Law § 159 specifically bars the public disclosure of confidential tenant information in any action or proceeding unless the Housing Authority is a party or complaining witness therein. In the instant case the information requested is being sought for the exclusive purpose of locating the defendant, Robert Jones, who is believed to be hiding in one of the city’s housing projects. It is not being sought as evidence at a public trial or hearing, nor is the information being given to a member of the general public. (Compare, Matter of Bell, 144 Misc 2d 195 [Sur Ct, Nassau County 1989], and Rivera v City of New York, NYLJ, Jan. 2, 1991, at 22, col 3 [Sup Ct, NY County 1991].) DOP is simply attempting to carry out a court order to arrest Jones. NYCHA states in its affirmation in support of its motion to quash, "There is not a police enforcement agency that is to receive the information.” This is not true. Probation officers are designated peace officers (CPL 2.10 [24]), and are authorized to make arrests (CPL 2.20 [a]).
This court does not believe that the Legislature, in drafting *250 Public Housing Law § 159, intended the protection of confidentiality afforded therein to extend to the point of allowing criminal fugitives to reside beyond the reach of the law in public housing projects. Such a result defies common sense. It raises the specter of fugitives generating spurious reasons requiring their relocation in attempting to prevent the police, parole and probation, from knowing their present whereabouts while they reap the benefit of subsidized housing at taxpayers’ expense. In Matter of Housing Auth. (107 Misc 2d 1015 [Sup Ct, Nassau County 1981]) the court allowed the Grand Jury to subpoena what were suspected to be fraudulent financial statements and applications filed by city housing tenants and prospective tenants. The court rejected the argument that Public Housing Law § 159 precluded the subpoena of such documents, stating: "To permit tenants and prospective tenants to file applications and financial statements free from criminal investigation would contravene public policy and be detrimental to the public interest.” (Supra, at 1017.) Similarly, in the instant case, to allow a public housing tenant to harbor a criminal fugitive not only contravenes public policy and is detrimental to the public interest, but poses a threat to the safety of the other tenants as well.
NYCHA alleges in its motion papers that the reason Ms. Gilmore was moved was because she was being harassed and feared for her safety. This court fails to see how releasing Ms. Gilmore’s address to DOP — a law enforcement agency — will in any way jeopardize Ms. Gilmore’s safety.
Accordingly, for the reasons stated herein, NYCHA’s motion to quash the subpoena duces tecum is hereby denied insofar as it seeks the present address of Ms. Gilmore. DOP is directed not to release the address to any other agency or person except to its officers who are sent to execute the bench warrant outstanding in this case.

 The instant subpoena contains language asking that all records be sent directly to DOP, entirely bypassing the court. This was doubtless put into the subpoena since there was no return date for the case. It is improper, however, to make the subpoena returnable to DOP.