■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CARPENTER, Appellant. [658 NYS2d 542] —Crew III, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered November 3, 1995, upon a verdict convicting defendant of the crimes of murder in the second degree, criminal sale of a controlled substance in the third degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

The trial testimony, viewed in a light most favorable to the People, revealed that defendant was running a drug-selling operation in the City of Schenectady, Schenectady County, and that certain of his associates were at an apartment located at 714 Albany Street selling his drugs in the early morning hours of January 1, 1992. Sometime around 9:00 A.M. on that day, two males broke into the apartment and stole money and drugs from defendant's associates. In an act of reprisal, defendant shot and killed Eugene Holmes, whom he believed to be one of the perpetrators of the robbery. As a consequence, defendant was indicted and charged with murder in the second degree (two counts), criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree (three counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. Following a jury trial, defendant was convicted of one count each of murder in the second degree, criminal sale of a controlled substance in the third degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, for which he was sentenced to, *inter alia*, consecutive prison terms of 25 years to life for murder in the second degree and $8^1/3$ to 25 years for criminal sale of a controlled substance in the third degree.

Initially, defendant contends that County Court's refusal to authorize counsel to obtain psychiatric services on his behalf

impinged upon his constitutional right to present witnesses in his own defense (see, *Ake v Oklahoma*, 470 US 68). We disagree. County Law § 722-c permits a court to authorize the expenditure of funds for expert services upon a showing that such services are necessary. It has been held that such services are necessary where the defendant demonstrates that his or her sanity at the time of the offense is likely to be an important factor at trial (see, *Ake v Oklahoma*, *supra*, at 83; *People v Vale*, 133 AD2d 297, 299-300). Here, there has been no such showing.

Unlike *Ake v Oklahoma* (*supra*) and *People v Vale* (*supra*), there is no evidence that, immediately after defendant's apprehension, he was found incompetent to stand trial, that he required psychiatric medication or that he had a history of psychiatric problems. The basis for counsel's motion for public funds to retain an expert was that he did not believe that a reasonable or rational person would kill another for $2,500 and that he wished to retain an expert to explore the possibility of presenting psychiatric evidence during the trial. We do not believe, based upon that showing, that County Court's denial of the application was an improvident exercise of its discretion (see, *People v Santos*, 179 AD2d 790, 791, *lv denied* 79 NY2d 953).

Next, defendant contends that County Court erred in denying his application for the issuance of a subpoena duces tecum. Again, we disagree. Defendant, in an effort to demonstrate the need for a psychiatric examination, requested County Court to issue a subpoena duces tecum regarding certain school records that he believed might exist. In support of the motion, defendant averred that "[he did] not specifically recall participating in any psychological, emotional or intellectual testing during attendance in school * * * [but] believe[d] that such testing was performed and that the schools [had] the results".

It has long been the rule that a subpoena duces tecum may not be used for the purpose of ascertaining the existence of evidence (see, *People v Gissendanner*, 48 NY2d 543, 551). "Rather, its purpose is 'to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding' " (*Matter of Constantine v Leto*, 157 AD2d 376, 378 [quoting *Matter of New York State Dept. of Labor v Robinson*, 87 AD2d 877, 878], *affd on opn below* 77 NY2d 975). Clearly, defendant's request for a subpoena was not to compel the production of specific documents but, rather, to determine if such documents existed and, if so, whether they were supportive of his claims. Under the circumstances, County Court quite properly denied the request.

We have considered defendant's remaining contentions, including his assertion that his conviction of criminal sale of a controlled substance in the third degree was unsupported by legally sufficient evidence, and find them to be without merit.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.