■ Frank Irizarry, Respondent, v New York City Police Department, Appellant. [688 NYS2d 541] —Order, Supreme Court, New York County (Jane Solomon, J.), entered September 22, 1997, which, *inter alia*, granted the motion of petitioner Frank Irizarry to compel production of documents maintained by the New York City Police Department's Office of Equal Opportunity for an *in camera* review and denied the New York City Police Department's cross motion to quash the subpoena, unanimously reversed, to the extent appealed from, on the law and the facts, without costs or disbursements, petitioner's motion denied, the cross motion granted, and the petition dismissed.

Petitioner, who was charged by respondent Police Department with sexually harassing a fellow officer, requested the records of at least five other police officers who allegedly had been similarly charged by the same complainant. Petitioner obtained an ex parte "Administrative Subpoena for Production of Records," which was "so ordered" by a Justice of the Supreme Court, requiring production of these complaints, returnable in the trial room of the respondent Police Department. 38 RCNY 15-02 provides that it is the Deputy Commissioner of Trials who "shall have jurisdiction over disciplinary matters adjudicated by the Department," and section 15-02 (a) specifies that the rules set forth in the chapter "shall" apply to all proceedings before the Deputy Commissioner of Trials, including, *inter alia*, pre-hearing proceedings. Further, 38 RCNY 15-03 (f) provides:

"(1) * * * Requests for production of relevant documents, identification of trial witnesses and inspection of real evidence to be introduced at the Hearing may be directed between the parties without leave of the Deputy Commissioner of Trials. Privileged and confidential matters shall not be subject to disclosure.

"(2) Any discovery dispute shall be presented to the Deputy Commissioner of Trials sufficiently in advance of the Hearing to allow for a timely determination. Discovery motions are subject to the discretion of the Deputy Commissioner of Trials".

At the pre-hearing conference before the Deputy Commissioner of Trials, after the Police Department's Office of Equal Opportunity declined to produce the materials, petitioner should have moved pursuant to 38 RCNY 15-03 (f) (2) for a ruling from the Deputy Commissioner on the merits of his request. However, petitioner disregarded those administrative rules and sought relief in the Supreme Court. Thus, he failed to exhaust his administrative remedies and his application to the IAS Court for relief was improper and premature (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57).

Further, CPLR 2307, pursuant to which the Supreme Court issued the subpoena, does not govern herein. Administrative Code of the City of New York § 14-137 (a) states that "[t]he commissioner, and his or her deputies shall have the power to issue subpoenas" and that "[t]he commissioner, and his or her deputies may in proper cases issue subpoena duces tecum." Since the Deputy Commissioner of Trials had specific statutory authority to subpoena the documents, the Supreme Court was without jurisdiction to issue the subpoena under CPLR 2302 (a) (*see, Matter of Irwin v Board of Regents*, 27 NY2d 292, 296-297).

In addition, no written consent was obtained from the five officers for release of their files nor did the Supreme Court give the officers an opportunity to be heard before ordering their records released for *in camera* review. The court also erred in finding respondent waived any objection to the subpoena since it did not move to quash before its return date. While CPLR 2304 provides that to challenge a subpoena not returnable in court, the challenger must request that the person who issued it withdraw it and then move in the Supreme Court to quash it, where a non-judicial subpoena is served, one need not move to quash to avoid sanctions. Instead, one may safely wait until the party who served the subpoena moves to compel compliance (*Matter of Reuters Ltd. v Dow Jones Telerate*, 231 AD2d 337, 341). Pursuant to CPLR 2308 (b), a subpoena not returnable in court is a non-judicial subpoena. Concur—Rosenberger, J. P., Nardelli, Williams and Rubin, JJ.