■ In the Matter of FRANK W. DEARSTYNE, JR., Appellant, v RENSSELAER COUNTY DISTRICT ATTORNEY et al., Respondents. [691 NYS2d 628] —Yesawich Jr., J. Appeals (1) from an order of the County Court of Rensselaer County (McGrath, J.), entered December 15, 1997, which denied petitioner's motions pursuant to CPLR 2307 and 2302 (b) for the issuance of judicial subpoenas duces tecum, and (2) from an order of said court, entered March 6, 1998, which denied petitioner's motion for reconsideration.

Petitioner, proceeding *pro se*, moved for the issuance of judicial subpoenas duces tecum directing respondents to turn over papers and records petitioner believed relevant to his previous conviction for various crimes (*see*, *People v Dearstyne*, 230 AD2d 953, *lv denied* 89 NY2d 921). He sought this information for use in support of a CPL 440.10 motion which he contemplated bringing. County Court denied the motion. We affirm.

Except in narrowly defined circumstances, not present here, for a judicial subpoena to issue there must be a pending underlying action or proceeding (*see*, *Matter of Plater v Cortland Mem. Hosp.*, 256 AD2d 678, 678-679; *see also*, Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C2301:4, at 236). As there was none at the time petitioner sought to compel production of the documents,

petitioner was not entitled to the relief requested. Moreover, a review of the record confirms County Court's conclusion that petitioner failed to meet his burden of demonstrating how the information inquired after was material and relevant (*see, People v Carpenter*, 240 AD2d 863, 864, *lv denied* 90 NY2d 902). Regarding petitioner's motion for reconsideration, also denied by County Court, that was actually a motion for reargument and hence the denial is not appealable (*see, Guntert v Daniels*, 240 AD2d 789, 791).

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order entered December 15, 1997 is affirmed, without costs. Ordered that the appeal from the order entered March 6, 1998 is dismissed, without costs.