In the Matter of STATE POLICE ADMINISTRATIVE DISCIPLINARY HEARING ON APRIL 27, 2004. POLICE BENEVOLENT ASSOCIATION OF THE NEW YORK STATE TROOPERS, INC., et al., Appellants; NEW YORK STATE DIVISION OF STATE POLICE et al., Respondents. [787 NYS2d 173]—

Mercure, J.P. Appeal from an order of the Supreme Court (Teresi, J.), entered July 2, 2004 in Albany County, which denied petitioners' motion to quash a subpoena duces tecum.

The Internal Affairs Bureau of respondent New York State Division of State Police (hereinafter State Police) seeks to obtain a State Trooper's medical records pertaining to his treatment at Albany Medical Center following an off-duty incident. The State Police maintain that the records are relevant in evaluating the Trooper's mental fitness to be a police officer, an issue in an internal disciplinary proceeding relating to the incident. The State Police directed the Trooper to execute a "New York State Police Authorization for Use and Disclosure of Protected Health Information" form, which the Trooper signed. After Albany Medical Center declined to provide the requested medical records, Supreme Court, upon a motion by the State Police, issued a judicial subpoena duces tecum directing production of the records. The Trooper and petitioner Police Benevolent Association of the New York State Troopers, Inc. then moved to quash the

subpoena, which motion was denied.* Petitioners now appeal, arguing among other things that a judicial subpoena duces tecum was not authorized because it was not sought in the context of a judicial action or proceeding. We agree.

The purpose of a judicial subpoena duces tecum "is to compel the production of specific documents that are relevant and material to facts at issue in a *pending judicial proceeding*" (*People v Carpenter*, 240 AD2d 863, 864 [1997], *lv denied* 90 NY2d 902 [1997] [internal quotation marks and citations omitted, emphasis added]). Thus, we have emphasized repeatedly that except in narrowly defined circumstances not applicable here, a judicial subpoena may be issued only in the context of an action or proceeding pending before the court (*see e.g. Matter of Dearstyne v Rensselaer County Dist. Attorney*, 262 AD2d 723, 723-724 [1999], *lv dismissed* 93 NY2d 1036 [1999]; *Matter of Plater v Cortland Mem. Hosp.*, 256 AD2d 678, 678 [1998]; *see also People v Weiss*, 176 Misc 2d 496, 499 [1998]; *Matter of Blake*, 51 Misc 2d 42, 44 [1966]; Weinstein-Korn-Miller, NY Civ Prac ¶ 2302.03; *see generally* Judiciary Law § 2-b). With respect to requests for judicial subpoenas in the context of administrative proceedings, it has long been the rule that courts, "in the absence of some express statutory authority, . . . ha[ve] no jurisdiction to issue subpoenas for the appearances of witnesses and the production of records during the pendency of an administrative hearing" (*Matter of Art Metal Constr. Co. [McGoldrick]*, 260 App Div 153, 154 [1940]; *see also Irizarry v New York City Police Dept.*, 260 AD2d 269, 270 [1999]; Weinstein-Korn-Miller, NY Civ Prac ¶ 2302.08).

We reject the State Police's argument that we should disregard these long-settled rules simply because the CPLR contemplates a judicial role in the *enforcement* of administrative subpoenas. Specifically, the State Police argue that there is no qualitative difference between, on the one hand, the issuance of a judicial subpoena under CPLR 2302 (b) followed by a motion to quash the subpoena under CPLR 2304 and, on the other hand, a motion to compel compliance with an administrative subpoena under CPLR 2308 (b) because, in either instance, the

---

* Supreme Court expressly declined to determine any of the issues raised in a previously filed action, currently pending in that court, in which petitioners and another State Trooper seek injunctive relief and a declaration that the State Police's practice of ordering its employees to sign authorizations for the disclosure of their medical records violates, among other things, the employees' privacy rights under the US Constitution, the physician-patient privilege set forth in CPLR 4504, and the Health Insurance Portability and Accountability Act of 1996 (*see* 42 USC § 1320d-1 *et seq.*, as added by Pub L 104-191, 110 US State 1936).

Trooper could have intervened to assert that his privacy rights and patient-physician privilege were violated by the subpoena. The two scenarios, however, involve different notice requirements, a difference in the penalties that may be imposed upon violation of the subpoenas, and different burdens of proof on the parties seeking versus challenging the subpoenas (*compare* CPLR 2302 [b]; 2303 [a]; 2304, 2308 [a]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2302:4; Weinstein-Korn-Miller, NY Civ Prac ¶ 2304.06, *with* CPLR 2302 [a]; 2308 [b]; Weinstein-Korn-Miller, NY Civ Prac ¶ 2308.07; *see Irizarry v New York City Police Dept., supra* at 271). Accordingly, we discern no reason to depart from the rule that a court may not issue subpoenas when there is no action or proceeding before that court and, thus, petitioners' motion to quash the subpoena must be granted.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion granted.