■ In the Matter of RANDALL R. SKRYPEK et al., Respondents, v WAYNE E. BENNETT, as Superintendent of the New York State Police, et al., Appellants. [817 NYS2d 452]—

Rose, J. Appeal from a judgment of the Supreme Court (Clemente, J.), entered January 6, 2005 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to reinstate petitioner Randall R. Skrypek to the position of State Trooper with back pay.

This appeal involves a challenge by petitioner Randall R. Skrypek (hereinafter petitioner) to his suspension without pay on March 29, 2004, following an off-duty incident in which he misrepresented to 911 operators and police investigators that he had been assaulted and robbed. Petitioner subsequently admitted that while intoxicated, he became enraged at his girlfriend, cracked the windshield of his vehicle by punching it,

banged his head into the driver's side window and punched himself over the left eye. The State Police thereafter brought disciplinary charges against petitioner and sought to obtain medical records pertaining to his treatment following the incident. Petitioner initially refused to authorize release of his records, but when he was threatened with further disciplinary action for doing so, he signed two authorization forms under protest. Apparently due to a notation on the first authorization that it was executed involuntarily and his counsel's revocation of the second authorization which bore no such notation,[1] the hospital declined to release his records.

Respondents next moved for a subpoena duces tecum directing production of the records. The subpoena was issued, but then stayed when petitioner moved to quash it on April 23, 2004. As a result, on the day before the disciplinary hearing was to be held, respondents informed petitioner that the hearing would be postponed until the dispute over the subpoena was resolved and that he would be suspended without pay beyond 30 days because the stay resulted from his challenge. Ultimately, we reversed the denial of petitioner's motion to quash the subpoena (*Matter of State Police Admin. Disciplinary Hearing on Apr. 27, 2004*, 13 AD3d 884, 885 [2004]).

While that appeal was pending before us, petitioners filed this CPLR article 78 petition seeking a declaration that petitioner's suspension for more than 30 days was contrary to Civil Service Law § 75 and 9 NYCRR 479.10. Supreme Court granted the petition and directed respondents to reinstate petitioner to the payroll as a State Trooper, with back pay, for the period of suspension that exceeded 30 days.[2] Respondents now appeal and we reverse.

The Civil Service Law provides that an employee against whom charges of misconduct are pending may be suspended without pay for a period not exceeding 30 days (*see* Civil Service Law § 75 [3]; *Gerber v New York City Hous. Auth.*, 42 NY2d 162, 164-165 [1977]; *see also* 9 NYCRR 479.10). If, however, " 'a delay in proceeding is occasioned by the conduct of the accused[,] he [or she] cannot justly be heard to complain nor be allowed a recompense for the period involved' " (*Gerber v New York City*

---

**1.** Although petitioner later denied having given his counsel permission to revoke the second authorization, his counsel did not deny having communicated with the hospital to prevent release of his records.

**2.** Following Supreme Court's decision, respondents proceeded with the disciplinary hearing without the benefit of petitioner's medical records. Petitioner was found guilty of the charges against him and respondents terminated his employment on January 19, 2005.

*Hous. Auth., supra* at 165, quoting *Matter of Amkraut v Hults*, 21 AD2d 260, 263 [1964], *affd* 15 NY2d 627 [1964]). Thus, "for purposes of a claim to back pay during a period of suspension, an attempt to impede the administrative process for any significant period, as a result of which a prompt determination as statutorily intended has been prevented, [is] deemed to be an abandonment of any claim to back pay" (*Gerber v New York City Hous. Auth., supra* at 166). Conversely, if the delay in excess of the statutory period is not attributable to the employee's actions, the employee is entitled to back pay even if such delay is beyond the control of the employer, and the employee is later found guilty of the charges and dismissed from employment (*see Hansen v City of Gloversville*, 134 AD2d 657, 658 [1987]; *Levine v New York City Tr. Auth.*, 70 AD2d 900, 901 [1979], *affd on mem below* 49 NY2d 747 [1980]).

We are not persuaded that the delay here was primarily due to respondents' decision to postpone petitioner's disciplinary hearing. While petitioner's challenge to the judicial subpoena proved to have merit because Supreme Court lacked jurisdiction to issue it (*Matter of State Police Admin. Disciplinary Hearing on Apr. 27, 2004, supra* at 885-886), it is also clear that the subpoena and ensuing litigation occurred only because petitioner or his counsel had first obstructed the disciplinary investigation by refusing to voluntarily release his medical records. Contrary to petitioners' contention, we find no significance in the fact that the issue had not yet been judicially resolved as to whether respondents exceeded their authority in directing petitioner to sign medical record authorizations. Rather, we find that respondents' directive was justified due to the nature of petitioner's conduct and note that there then was no legal precedent for petitioner's opposition to release of his medical records.[3] In view of petitioner's diminished expectations of privacy as a member of a paramilitary force (*see Matter of Seelig v Koehler*, 76 NY2d 87, 91-92 [1990]; *Matter of Caruso v Ward*, 72 NY2d 432, 439 [1988]; *see also Matter of Morrisette v Dilworth*, 59 NY2d 449, 452 [1983]), his challenge to the authorization should have been viewed as unjustified until a court ruled otherwise. Since petitioner's refusal to give an effective authorization prevented respondents from obtaining the medical records relevant to his disciplinary proceeding, we view his conduct as the primary and underlying cause of the hearing's delay (*see Gerber v New York City Hous. Auth., supra* at 165-166; *Matter of De Marco v City of Albany*, 75 AD2d 674, 675 [1980]).

---

3. Later, in a decision and order dated February 9, 2006, Supreme Court (Teresi, J.) rejected petitioner's challenge.

Accordingly, petitioner was not entitled to back pay during the period exceeding the 30-day time limit set forth in Civil Service Law § 75 (3) until he was terminated on January 19, 2005.

Peters and Lahtinen, JJ., concur.

Kane, J. (dissenting). We respectfully dissent.

After respondents were unable to obtain the medical records of petitioner Randall R. Skrypek by the use of a medical authorization, respondents chose to obtain those records by means of a judicial subpoena issued without notice by a court that did not have jurisdiction to issue it (*Matter of State Police Admin. Disciplinary Hearing on Apr. 27, 2004*, 13 AD3d 884, 885-886 [2004]). Petitioners were justified in defending against respondents' improper use of a subpoena. Under these circumstances, the resultant delay is directly attributable to respondents' conduct and cannot be considered conduct intended to impede the administrative process such as would constitute an abandonment of petitioners' claim to back pay (*see Gerber v New York City Hous. Auth.*, 42 NY2d 162, 166 [1977]). Thus, Supreme Court's judgment awarding back pay should be affirmed.

Crew III, J., concurs. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.